### In re NEVADA-UTAH MINES & SMELTERS CORPORATION.

(District Court, S. D. New York. July 18, 1912.)

1. BANKRUPTCY (§ 261*)—SALES—NOTICE.

A petition by a trustee in bankruptcy to the federal District Court for an order authorizing a meeting of creditors to act upon any bid which might be submitted at the meeting, though irregular, was sufficient to authorize the referee to act upon it, and was sufficient notice that a sale was proposed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 361, 362; Dec. Dig. § 261.*]

2. BANKRUPTCY (§ 261*)—SALES—NOTICE.

A notice in bankruptcy serving in a double capacity as notice to creditors that application for a sale of property and as notice to bidders, though irregular, did not vitiate the sale; the notice being freely advertised, and it not appearing that further publicity would have produced another or better bid.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 361, 362; Dec. Dig. § 261.*]

3. BANKRUPTCY (§ 261*)—SALES—REGULARITY.

A federal court sitting in bankruptcy can dispense with compliance with a rule requiring a sale to be made by an auctioneer, and requiring a conspicuous notice in front of the premises two days before the sale.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 361, 362; Dec. Dig. § 261.*]

4. BANKRUPTCY (§ 262*)—"PUBLIC SALE."

There is a "public sale" in bankruptcy where all persons are permitted to bid, where bids are not held open, except with the bidder's consent, and where notice inviting bids is publicly given.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 363–365; Dec. Dig. § 262.*

For other definitions, see Words and Phrases. vol. 8, p. 7773.]

5. BANKRUPTCY (§ 264*)—SALES—CONFIRMATION—NOTICE—NECESSITY.
      Creditors in bankruptcy are not entitled to notice of confirmation of a sale.
      [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 368, 369; Dec. Dig. § 264.*]

In the matter of the Nevada-Utah Mines & Smelters Corporation, bankrupt. On report of a sale. Report confirmed.

Rosenberg & Levis (J. N. Rosenberg, of counsel), for trustee.

Winthrop & Stimpson (Chas. Thomas Payne, of counsel), for Trippe & Co.

Liebmann & Tanzer (Laurence Tanzer, of counsel), for objecting stockholders.

Pavey & Moore (F. D. Pavey, of counsel), for consenting stockholders.

Rounds, Hatch, Dillingham & Debevoise (E. R. Dillingham, of counsel), for assenting creditors.

HAND, District Judge. [1, 2] The proceedings in this case were quite irregular, and the practice adopted was certainly not that required by the official forms in bankruptcy prescribed by the Supreme Court, yet I am inclined to think that, in spite of their deviation, the whole substance of the protection to the estate existed. Form 42 (89 Fed. xlix; 32 C. C. A. lxxiii) of the official forms is the specified one to follow in a case like this. It prescribes a petition by the trustee to the referee asking leave to sell the property at public sale. Notice of this petition is given to the creditors, and on the return of that notice the referee, if he sees fit, directs a sale. This sale is then carried on by the trustee without further notice. In the case at bar the trustee applied first to the court for an order authorizing, among other things, a meeting of creditors, to act upon any bid which might be submitted at the meeting. Adequate notice of this meeting was given, and, upon the return day, the referee directed the property to be sold upon the only bid presented. The order for the sale itself, and the order accepting the bid, were made at one time by the referee. I think the petition presented to the court, disregarding the order made upon it, was a sufficient petition to authorize the referee to act upon it, and was sufficient notice of the fact that a sale was proposed. If, on the return day, the referee had directed the trustee to sell at auction, there would have been no irregularity in the proceedings. Instead of that, there was an attempt to make the notice serve in a double capacity, both as to notice to creditors that an application would be made for a sale, and a notice to bidders to make bids for the property, at the time in question, and the question becomes whether this practice was regular.

[3, 4] I do not find in the petition upon which the order of the court was made any ground stated justifying a private sale, and, indeed, I can see no reason for a private sale. Was this a private sale, for, if so, it seems to have been irregular under General Order 18, subd. 2 (89 Fed. viii, 32 C. C. A. xx). I think, on the whole, it was a public sale. The advertisement contained a proposal to all bidders

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to come in and make their bids on the day in question, and the notice was advertised as freely as was necessary, or, at least, as much as the court thought necessary. The property was struck down to the only bidder. There is no suggestion that further publicity would have produced another bidder, and, indeed, from all of the facts, there is no reason to suppose that any better bid could have been had. It is quite true that the sale does not conform with rule 17 of the local rules of this court, in that it was not sold by the auctioneer, and in the absence of a conspicuous notice in front of the premises two days before the sale. These are matters, however, which are not jurisdictional, and an order of this court dispensing with them is not invalid. What, then, is a public sale? I think it is no more than this: That all persons shall have the right to come in and bid, that the bids shall not be held open, except with the bidders' consent, and that notice shall be given publicly at which all bids are invited. All this was done in the case at bar, and I know of no reason why the sale should not take place at the same time at which the referee directs a sale, provided all necessary publicity is given, and every opportunity to those who wish to come in and bid. Neither the statute nor the rules prescribe how a public sale shall take place, and there is no necessity of an auction sale.

[5] As to the order of confirmation, I do not find anything which requires notice to the creditors of such an order. The statute (Act July 1, 1898, c. 541, § 70b, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451]), says that the sale must be subject to the approval of the court if for less than 75 per cent. of the appraised value, but the approval of the court was obtained. It has certainly never been the practice of this district to give notice to all creditors of an application to confirm, and I think the absence of such a requirement in section 58 pretty clearly shows that Congress did not intend that they should have it.

I am somewhat moved in confirming the order of the referee by the fact that the great body of stockholders, as well as all the creditors, do not wish it to be reopened, and appear to be satisfied with the results. Nothing can be more variable than the price of mining stocks, and the petitioner very candidly concedes that he cannot assure the court of any better result at another time. The case is not one in which the sale has taken place hastily, or before the creditors and stockholders have had the fullest opportunity to do the best they can with the property. The bid is by a reorganization committee, who have allowed, and still will allow, these stockholders, who are not many, to come into the reorganization on the same terms as all others. It seems to me quite clear that, in spite of the irregular manner in which the matter was carried on, the sale should go through.

However, this proceeding should certainly not be taken as a precedent for any other. The only justification for it was that the pledgee was threatening a sale of an important part of the property, and there was every reason to suppose that the usual time for advertisement of the property could not safely take place after the order of the referee for a sale. That justified and required in this instance a somewhat anomalous procedure, but it should be considered anomalous never-

theless. It is a very dangerous practice to vary the set rules for judicial sales. In this district we are perhaps apt to be loose in such matters and especially to forget, though not in this case, that the creditors must have notice of the application for the sale, not merely of the sale itself.

Report confirmed.