In re NEWBROUGH.

1. RECEIVERS—PUBLIC SALE.

"Public sale," under 3 Comp. Laws 1929, § 15355, is synonymous with "public auction" under section 15354.

2. SAME—NOTICE—SALE OF ASSETS—STATUTES.

Where sale by receiver of assets of insolvent corporation was at private sale, and was so treated by the court, 3 Comp. Laws 1929, § 15355, providing for 14 days' notice of public sale, was not applicable.

3. SAME—WAIVER.

Where no objection was made at hearing that notice of confirmation of sale was insufficient under 3 Comp. Laws 1929, § 15355, the point was waived.

4. SAME—CORPORATIONS—ADVERTISING SALE—CONFIRMING SALE—ABUSE OF DISCRETION.

Where confirmation of sale of corporation's assets by receiver was objected to by certain stockholders on ground that sale was not properly advertised, but no constructive criticism was offered, trial court did not abuse its discretion in holding advertising sufficient, especially where sale was private, in which case advertisement is not required by law.

5. SAME—ADEQUACY OF PRICE.

Where there appears to be no possibility of new sale of assets at sufficient price to pay all debts and leave balance for stockholders, objection by certain stockholders that sale price is inadequate is without much force.

6. SAME—CONFIRMING SALE—ABUSE OF DISCRETION.

Where stockholders objecting to confirmation of sale of corporation's assets by receiver on ground of inadequacy of price gave no assurance to court that other bids would be secured, court did not abuse its discretion in confirming sale, especially where value was not so inadequate as to shock conscience of court.

7. CORPORATIONS—DISSOLUTION—REVIVING CORPORATION—STATUTES.

   3 Comp. Laws 1929, § 15325, providing that court may vacate order of dissolution and revive corporation is inclusive in its terms, and is applicable to dissolution proceedings under section 15310.

8. SAME—PETITION FOR RETURN OF ASSETS—HEARING DISCRETION- ARY.

   Under 3 Comp. Laws 1929, § 15325, hearing on petition for return of assets to corporation is not matter of right, but court, if such petition shall be deemed sufficient, may make an order for hearing thereon, so that hearing, as well as return of property, is discretionary.

9. SAME—ABUSE OF DISCRETION.

   Refusal of court to grant hearing on petition for return of assets to corporation (3 Comp. Laws 1929, § 15325), was not abuse of discretion, where petition was filed day before time set for confirmation of sale of its assets and upon which hearing was not moved until after sale had been confirmed and closed.

10. SAME—DISSOLUTION—REVIVING CORPORATION.

   When corporation is dissolved by order of court, creditors may rely upon estate being liquidated in orderly manner and their participating in residue, and it would be abuse of discretion to permit stockholders to further hazard its property without consent of creditors or their immediate insurance against loss.

11. SAME—PETITION FOR REVIVAL—HEARING ON PETITION—ABUSE OF DISCRETION.

   Where petition by certain stockholders for return of assets to corporation (3 Comp. Laws 1929, § 15325), filed after receiver's sale, failed to allege such assurance of successful reorganization with security to creditors as would have justified the court in granting it, there was no abuse of discretion in denying hearing thereon.

   WIEST and McDONALD, JJ., concurring in part.

Appeal from Ingham; Carr (Leland W.), J. Submitted April 14, 1931. (Docket No. 88, Calendar No. 35,599.) Decided April 22, 1931.

In receivership proceedings of the New Way Motor Company, a corporation, William E. McNamara and others filed objections to confirmation of receiver's sale of certain assets and petitioned for return of assets to corporation. Objectors and petitioners appeal from orders denying relief sought. Affirmed.

*Pierce & Planck,* for appellants.

*Shields, Silsbee, Ballard & Jennings,* for receiver-appellee.

*Kelley, Sessions & Warner,* for purchaser-appellees.

FEAD, J. April 24, 1930, on petition of a majority of the board of directors, filed March 7th, under 3 Comp. Laws 1929, § 15310 *et seq.*, the New Way Motor Company, a corporation engaged in the manufacture of small gasoline engines at Lansing, was decreed dissolved and a permanent receiver appointed. Certificate of dissolution was filed with the secretary of State May 9th.

October 3d, on petition of the receiver, the court gave him leave to sell the assets at private or public sale, at his discretion, subject to confirmation by the court. November 25th he reported a bid of $75,000 cash and assumption of $32,740.09 real estate taxes, for all the assets except cash, bills and accounts receivable, made by three indorsers of the corporation notes to banks, acting for themselves and other indorsers. The court ordered hearing December 10th on acceptance or rejection of the bid, and directed the receiver to give ten days' mail notice of hearing to stockholders and creditors and to advertise for additional bids, and "that such addi-

tional bids may be considered by the court at the time of said hearing.'' Notices were mailed November 26th.

Claims were allowed December 9th. On the same day, a group of ten stockholders, holding over 55 per cent. of the stock, filed a petition, under 3 Comp. Laws 1929, § 15325, setting up a proposed plan of reorganization and asking that the assets be returned to the corporation. December 10th a creditors' committee, representing over $70,000 of the $88,000 trade claims, filed consent to the plan of reorganization, if it should be approved by the court and the property returned to the corporation. The committee was authorized by the creditors to consent to reorganization on condition that the corporation be continued as a going concern, with a reasonable amount of working capital to permit of increasing volume and earnings. December 10th the group of stockholders filed objections to confirmation of the sale of assets on the grounds of inadequacy of price, failure of the receiver to properly advertise the sale, and pendency of the petition for return. No objections to confirmation were presented by creditors.

Hearing was had December 10th, considerable testimony was taken of the value of the property, the advisability of accepting the bid, and the status of the reorganization plan. Continuances were had from day to day, until December 15th, to permit the objecting stockholders to file a bond assuring an equal or larger bid within 60 days. The bond not being filed, and counsel for objectors announcing they had decided not to submit a bond, the court made an order confirming the sale on December 16th. There was no claim that objectors were financially unable to give the bond.

December 26th present counsel for appellants came into the case and filed a motion to set aside the order confirming sale and for a hearing on the petition for return of assets to the corporation. January 2, 1931, the motion was denied. The group of stockholders and two members of the creditors' committee have appealed from the orders of December 16th and January 2d.

The value of the assets was problematical, especially in view of the business depression. There was testimony that the bid was fair under the conditions. The bidders had a reorganization plan in which they valued the property at $250,000. Appellants' estimates were between $500,000 and $600,000. Upon the testimony a specific finding of value would be largely a guess. Possibly the property would be worth appellants' estimates to an established and profitable concern, while as a basis of a corporation which requires capitalization from the public and development of a paying business the bidders' valuation might not appear ultraconservative. The debts were, in round numbers, personal taxes of $14,000, real estate taxes, $32,700, general trade claims, $88,000, bank loans indorsed by the bidders and their associates, $121,000, a total of $256,000.

Appellants contend the 13 days' notice of confirmation of sale was insufficient because 14 days' notice of public sale is required under 3 Comp. Laws 1929, § 15355. "Public sale" under that section is synonymous with "public auction" under section 15354. While sale on bids may sometimes be equivalent to a public sale or auction (*In re Nevada-Utah Mines & Smelters Corp.*, 198 Fed. 497; *Dulin* v. *National City Bank* [Ind. App.], 130 N. E. 426), the sale here was private and was so treated by the court in the proceedings. Moreover, the point was

waived by appellants because not made at the hearing.

Appellants contend the sale was not properly advertised, both in extent of territory and in failing to set up the attractive features of the property. The receiver testified he previously had pursued all opportunities to interest buyers. There was no claim of bad faith on his part. The sale was advertised several times in two Detroit, one Chicago, and two Lansing daily papers. Appellants did not suggest a paper or locality in which the receiver could have advertised with a greater probability of attracting prospective purchasers than through the mediums he used. Upon such matters, mere complaint is not sufficient. Criticism should be constructive and enable the court to determine whether other methods were likely to have produced better results. Both because of this and because the advertisement was not required by law for private sale but was done in obedience to the order of court, we cannot say the court abused its discretion in holding it sufficient.

Appellants further contend the sale price was inadequate. In circuit court, this objection was made only by the group of stockholders, who would lose nothing by sale at a low price and who apparently could not be benefited by a new sale because there appeared to be no possibility of a sale at sufficient price to pay all the debts and leave a balance for stockholders. This impaired the force of the objection.

Estimates of the value of manufacturing plant property, of an unsuccessful and dissolved corporation, in hard times, are more or less theoretical. Drastic losses on receiver's sale of such property are common, if not universal. There was pointed

out no possible outside market for the property. Purchasers reasonably could be looked for only among creditors or stockholders interested in avoiding loss, by purchasing at a figure which would enable them to recoup. Of such were the bidders at bar. Appellants' witnesses were able to name no possible or prospective other buyers. A chance for sale elsewhere was purely speculative. Mere estimates of value cannot prevail against the facts of the situation, especially the fact that the appellants did not care to themselves assume the risk of being required to purchase the property at the bid price. The hazard of a new sale, had the bid been refused and not renewed by the same parties, was too great to require the court to refuse confirmation without some assurance from appellants for the protection of creditors. It cannot be said the court abused its discretion, nor, under the situation, that the value was so inadequate as to shock the conscience of the court.

It is a fair inference from the record that the foregoing objections to the sale were urged by appellants, principally as a leverage to move the court to grant the petition to return the property to the corporation. This presents the real issue.

The court may vacate an order of dissolution and revive a corporation. 14A C. J. p. 1133. 3 Comp. Laws 1929, § 15325, is inclusive in its terms, and, we think, is applicable to dissolution proceedings. Under it, hearing on petition for return of assets is not a matter of right, but the court, "if such petition shall be deemed sufficient, may make an order for a hearing thereon." The hearing, as well as the return of property, is discretionary. It is hardly necessary to suggest that it is not an abuse of discretion to refuse to grant a hearing on such a peti-

tion filed the day before the time set for confirmation of sale of assets and upon which hearing is not moved until after the sale has been confirmed and closed.

Nor was the petition sufficient. It alleged that the stockholders desired to reorganize the corporation by selling for cash class A stock in the amount of $175,000; to give trade creditors class B stock in lieu of their claims; to distribute class C stock to present stockholders; and that trade creditors, to the amount of $75,000, had accepted the plan. The plan contemplated a working capital of over $100,000, and would carry into the reorganization $156,000 of the present debts, consisting of $13,000 current liabilities (evidently trade creditors who had not agreed to take stock for their claims), $21,000 taxes, and $121,000 bank loans. The petition did not allege that any part of the new stock had been subscribed, actually or tentatively, even by the petitioning stockholders, nor indicate how or to whom it could be sold. It alleged an expectation, but no promise, that the banks would defer their loans, but did not suggest how release of the present indorsers therefrom was to be obtained. Aside from the trade creditors' conditional consent to reorganization, the petition alleged nothing definitely done toward success of the plan. To a considerable extent the matter was gone into on the hearing on confirmation of sale and the testimony gave no aid to the petition.

There had been time and opportunity to make a concrete showing. The testimony was that, for a time, some of the petitioners had been working in conjunction with the indorsers on reorganization. That relation had ceased and petitioners knew, about August 18th, that the indorsers' plan contemplated

no participation by or benefit to the old stock. Thereafter they had opportunity to present their own plan to stockholders and others and make at least a showing of progress which would justify a grant of further time, if not of immediate return of assets.

The property may be returned to the corporation, under the statute, only in the exercise of sound judicial discretion. When a corporation is dissolved by order of the court, creditors may rely upon the estate being liquidated in an orderly manner and their participating in the residue. It would be an abuse of discretion to permit the stockholders to further hazard the property without consent of the creditors or their immediate insurance against loss, at least to the extent of what they would receive on regular liquidation.

The petition failed to allege such assurance of successful reorganization with security to creditors as would have justified the court in granting it. Consequently, there was no abuse of discretion in denying hearing thereon.

The orders are affirmed, with costs.

BUTZEL, C. J., and CLARK, POTTER, SHARPE, and NORTH, JJ., concurred with FEAD, J.

WIEST, J. (*concurring*). I concur in affirmance, reserving, however, opinion upon the mentioned statute (3 Comp. Laws 1929, § 15325) until it is before the court in a case requiring decision thereon. This I do not consider such a case.

McDONALD, J., concurred with WIEST, J.