NEWELL, Appellant, v. CITY OF KENOSHA and another, Respondents.*

*May 8—June 2, 1959.*

* Motion for rehearing denied, with $25 costs, on October 6, 1959.

518

520

For the appellant there was a brief and oral argument by *Chester D. Richardson* of Kenosha.

For the respondent city of Kenosha there was a brief and oral argument by *K. Thomas Savage* of Kenosha.

For the respondent Carthage College there was a brief by *Cavanagh, Mittelstaed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *Fred D. Hartley*.

DIETERICH, J. In the year 1928, approximately 124 acres of property were purchased by the city of Kenosha from Walter H. Alford and Gertrude M. Alford. The land contract and deed contained no restrictions or conditions. Since approximately 1939, the entire 124 acres have been used by the city of Kenosha as a park, known as Alford Park.

By conveyance dated December 27, 1957, the city of Kenosha conveyed 66 and a fraction acres, located in the north end of Alford Park, to Carthage College. This deed contained the following restrictions:

"(a) That on or before six (6) years from the date of conveyance construction shall be commenced of a building or buildings necessary for the establishment of a college, unless the United States should become engaged in extraordinary military activity making this impossible, in which case the running of the six (6) years is tolled until such military activity shall cease to exist. In the event construction of the initial building or buildings has not commenced within the period herein limited, the premises shall revert to the city of Kenosha.

"(b) That the above-described premises shall be used as a college devoted predominantly to the teaching of students of a learning higher than the common and high-school grade with necessary dormitories for their housing.

"(c) That prior to the approval of the initial plot plan and building construction plans for the above premises the grantee shall submit the same to the city plan commission for its advice.

"(d) That the grantor reserves the right of the use of said premises for public-park purposes until it shall receive notification in writing from the grantee that construction will be commenced."

The affidavits in support of the defendants' motion for summary judgment disclose that the following reports were considered by the city of Kenosha prior to the conveyance to Carthage College:

(1) An appraisal by Frank Harvell, C.A.E., the city assessor, filed with the city manager, in which he stated it was his opinion that the area to be conveyed, at that time 90 acres, had a fair market value of $48,500. Actually only 66 and a fraction acres of the 90-acre parcel were conveyed.

(2) An appraisal by Manford C. Bear, M.A.I., filed with the city manager of the city of Kenosha, of a 90-acre tract in Alford Park. Mr. Bear stated that in his opinion the 90 acres had a fair market value of $50,000.

(3) A report of the city plan commission adopted by said commission at a meeting held on May 16, 1957, and filed with the city council of the city of Kenosha, recommending the use of 68 acres of Alford Park for Carthage College. The report stated that the city of Kenosha had, at that time, more park area than the average of other cities of comparable population and further stated that the park was not receiving the use that it should according to national standards. The commission further recommended that the

deed to Carthage College contain a covenant restricting the use of the land for college purposes.

(4) A report of R. H. Custer, city manager, acting as the board of park commissioners, filed with the city council of the city of Kenosha, recommending that part of Alford Park be conveyed to the college and declaring that such land was no longer required for park purposes.

Pursuant to such reports, the city council of the city of Kenosha voted to convey 66 and a fraction acres to Carthage College, the deed to contain the restrictions heretofore set forth. The city was paid $50,000 for this property, by interested citizens of the city of Kenosha on behalf of Carthage College.

Before a court will void the sale of municipal property authorized by a vote of the city council, the plaintiff taxpayer must establish: (1) Illegality, (2) fraud, or (3) a clear abuse of discretion on the part of the governing body of the municipality which has authorized the sale. *Hermann v. Lake Mills* (1957), 275 Wis. 537, 82 N. W. (2d) 167.

The plaintiff and the two defendants moved for summary judgment and affidavits were presented by each side, together with certain exhibits. The rule is well established that on motion for summary judgment under sec. 270.635, Stats., the evidentiary facts set forth in an affidavit completely supplant any allegations or denials in the pleadings to the contrary. *Home Savings Bank v. Bentley* (1958), 5 Wis. (2d) 19, 92 N. W. (2d) 377, and *Laughnan v. Griffiths* (1955), 271 Wis. 247, 251, 73 N. W. (2d) 587.

The following facts are undisputed in this case: The lands in question were purchased for park purposes, and the deed to the city contained no restrictions or conditions governing the use of the land by the city. The city paid $66,754.33 in principal and $7,500 in interest for the parcel of land containing 114.63 acres, of this 66.84 acres were

sold and conveyed to Carthage College in 1957, so less than 50 per cent of the park area known as Alford Park was sold and conveyed. The city caused the lands to be appraised prior to the agreement to sell and the fair market value as established by the city assessor for a 90-acre tract (out of which the city sold 66.84 acres) was $48,500, and by a licensed real-estate broker at $50,000. Subsequent to the appraisals and subsequent to the recommendation of the city plan commission and the report of the board of park commissioners under sec. 27.08 (2) (c), Stats., recommending the sale and conveyance to Carthage College and declaring the land no longer required for park purposes, the city council authorized and directed the sale of the 66.84 acres to Carthage College in consideration of a cash payment of $50,000 and in further consideration of the conditions set forth in the deed. The cash purchase price of $50,000 was paid to the city of Kenosha on behalf of Carthage College by interested citizens of the city of Kenosha. It was established by the affidavit and the exhibits of the city of Kenosha that a resolution was duly adopted finding that the property to be conveyed was not necessary or required for park purposes.

The city council of the city of Kenosha decided that the parcel of park land consisting of 66.84 acres was no longer needed for park purposes and, under secs. 62.22 (1) and 62.23 (17) (b), Stats., authorized the sale. These sections vest considerable discretionary power in the council and governing body in that there is no requirement for them to either solicit bids or sell to the highest bidder. *Hermann v. Lake Mills, supra.*

The plaintiff claims that there has been an abuse of discretion on the part of the city council in two respects: (1) The purchase price is grossly inadequate, and (2) the sale of the parcel to Carthage College makes the remainder

of the park inaccessible by the public and hence deprives the public of its use.

As to the first point the plaintiff has offered no evidentiary proof of value and he has not controverted the city of Kenosha evaluation by evidentiary facts. The affidavits and appraisals establish that the fair market value of 90 acres at the highest is $50,000, and that the city has been paid $50,000 for 66.84 acres.

The plaintiff further contends that by the sale and conveyance of the particular tract to Carthage College, the balance becomes ineffectual for use as a park because it cannot be reached by the people who desire to use the park. The city has reserved the beach area and a strip of land between the highway and the western boundary of the Carthage College property, and there is no reason to suppose that the city will not prepare the necessary roads and paths to the remaining park area for the use of the public when the occasion demands it.

The next contention of the plaintiff is that sec. 3a, art. XI, Const., restricts the sale of park land.

Sec. 3a, art. XI, Const., provides:

"The state or any of its counties, cities, towns, or villages may acquire by . . . purchase, . . . for establishing, . . . and maintaining . . . parkways, . . . parks, . . . sites for public buildings . . . ; and after the establishment, layout, and completion of such improvements, may convey any such real estate thus acquired and not necessary for such improvements, with reservations concerning the future use and occupation of such real estate, so as to protect such public works and . . . to preserve the view, appearance, light, air, and usefulness of such public works. . . ."

*State ex rel. Thomson v. Giessel* (1955), 271 Wis. 15, 53, 72 N. W. (2d) 577, stated:

"There is in the provision no express restriction on the power of the state to convey land. It cannot be held by

implication that the legislature is precluded from authorizing such sale. A restriction to such effect would necessarily have to be expressed in words. There is no such expression here.

"This constitutional provision came into being in the form of an amendment in 1912. It relates not only to the state, but also to cities. . . .

"Clearly there was in the adoption of this provision an attempt to broaden the public purpose for which the power of eminent domain might be exercised. . . .

"We are obliged to determine that the provision is a grant of power which broadened the authority of the state and cities in the matter of excess condemnation in relation to the rights of the state and cities which had existed in such respects previous to the adoption of the provision."

The city's conveyance of real estate in question to Carthage College does not contravene sec. 3a, art. XI, Const.

There is no allegation of fraud and no issue of fraud in this case, and no illegality in the manner in which the sale was conducted and consummated, and there being no showing on behalf of the plaintiff, either in his counteraffidavit or cross motion in support of his affidavit, that there has been any abuse of discretion on the part of the city council of the city of Kenosha, the summary judgment of the trial court is affirmed.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.