PAUL D. LAWENT, Corporation Counsel, Marathon County
You have requested my opinion concerning the right of a county to sell real and personal property without public bid. Whether a county has such power is governed, in part, by sec. 59.07 (1) (c), Stats., which provides as follows:
"General powers of board. The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language:
". . .
"(c) Transfers. Direct the clerk to lease, sell or convey or contract to sell or convey any countyproperty, not donated and required to be held for a special purpose, on such terms as the board approves. In addition any county property may, by gift or otherwise, be leased, rented or transferred to the United States, the state, any other county within the state or any municipality or school district within the county. Oil, gas and mineral rights may be reserved and leased or transferred separately." (Emphasis added) *Page 426 
This statute applies to both real and personal property by virtue of the words "any county property," and does not purport to require counties to sell their property by the public bid method. Considering the general and broad language of the statutory grant, it would appear to authorize the sale of county owned property on much the same basis as is proper for other Wisconsin governmental entities. Several of the Wisconsin cases dealing with this general topic were discussed in 58 OAG 179 (1969), at page 181, as follows:
". . . It also has been recognized that a municipality, having once decided that certain land is no longer needed for public purposes, possesses considerable discretion in the manner of its disposition and, in the absence of a statute so providing, need not sell or lease the property by the competitive bid method. Hermann v. Lake Mills (1957), 275 Wis. 537,82 N.W.2d 167. Finally, the court has indicated that before it will void the sale of municipal property, illegality, fraud, or a clear abuse of discretion on the part of the governing body of the municipality which has authorized the sale, must be shown. Newell v. City ofKenosha (1959), 7 Wis.2d 516, 523, 96 N.W.2d 845.
"In Wisconsin, therefore, unless restrained by statute, cities and villages possess substantial authority to sell or lease property to which they have fee title and which is not affected by a public trust. The Wisconsin Supreme Court emphasized this broad authority in S. D. Realty Co. v. Sewerage Commission ofCity of Milwaukee (1961), 15 Wis.2d 15, 27, 112 N.W.2d 177:
"`At the time of execution of the 1958 lease the district possessed no express statutory power to alienate or lease property. However, we conclude that it possessed an implied power to do so.'"
Furthermore, I direct your attention to an older opinion of this office reported in 23 OAG 650 (1934), which recognizes the broad general power of a county to sell its real property which is not acquired by tax deed.
While the legislature has granted counties the general power to sell county property by the broad language set *Page 427 
forth in sec. 59.07 (1) (c), Stats., we should not be unmindful of the several specific instances where the legislature has also seen fit to place restrictions on the sale of such property. The statute itself excludes from its application lands which are donated to the county and required to be held for a special purpose. Likewise, since the county board also possesses the power to impose restrictions on the manner in which county property is sold, I would point out that it is always necessary to ascertain whether a resolution or ordinance exists which requires sale by public bid.
Another instance where the method of sale of specific property is limited is set forth in sec. 66.28, Stats., as follows:
"Sales of abandoned property. Cities, villages and counties may, at a public auction to be held once a year, dispose of any personal property which has been abandoned, or remained unclaimed for a period of 30 days after the taking of possession of the same by the city, village or county officers. All receipts from such sales, after deducting the necessary expenses of keeping such property and conducting such auction, shall be paid into the city, village or county treasury."
Your letter of inquiry indicates that you appreciate that sec. 75.69, Stats., requires that the sale of tax delinquent real estate must be advertised for bid. Generally speaking, this section and sec. 75.35, Stats., require a class 3 notice of the sale and appraised value of such real estate and acceptance of the most advantageous bid which is not less than the appraised value of the property. Section 75.35, Stats., provides, in part, as follows:
"Sale of tax certificates and tax deeded lands; purchase of adjacent lands. (1) DEFINITIONS. The following terms, wherever used or referred to in this section shall have the following respective meanings, unless a different meaning clearly appeals from the context:
"(a) . . .
"(b) `Tax deeded lands' means lands which have been acquired by a municipality through enforcement of the collection *Page 428 
of delinquent taxes by tax deed, foreclosure of tax certificate, deed in lieu of tax deed or other means.
"(2) POWER OF MUNICIPALITY TO SELL TAX CERTIFICATES AND TAX DEEDED LANDS. (a) Except as provided in s. 75.69, any municipality shall have the power to sell and convey its lands acquired in the enforcement of delinquent tax liens in such manner and upon such terms as its governing body may by ordinance or resolution determine, . . ."
Section 75.69, Stats., provides, in part:
"Sale of tax delinquent real estate. (1) Except in counties having a population of 500,000 or more, no tax delinquent real estate acquired by a municipality as defined in s. 75.35 (1) (a), shall be sold unless the sale and appraised value of such real estate has first been advertised by publication of a class 3 notice, under ch. 985. Any such municipality may accept the bid most advantageous to it but every bid less than the appraised value of the property shall be rejected. Any such municipality is authorized to sell for an amount equal to or above the appraised value without readvertising, any land previously advertised for sale.
"(2) This section shall not apply to exchange of property under s. 59.97 (8), to withdrawal and sale of county forest lands, nor to the sale or exchange of lands to or between municipalities or to the state."
It is important to appreciate that even though this statute allows certain conveyances of tax delinquent land without the need for public bid, such land continues to be "tax delinquent real estate." Such land coming into the hands of the county might be burdened with an obligation to appraise, advertise and sell through bid if it had always been in one of the exempt categories described in sec. 75.69 (2), Stats., and had never previously been offered for public bid. 42 OAG 73 (1953).
In conclusion, it is my opinion that a county does possess the general power to sell real and personal property under the authority set forth in sec. 59.07 (1) (c), Stats., without *Page 429 
resort to calling for public bids. The general limitations on such power are described above.
RWW:JCM