DITTBERNER, Respondent, v. DITTBERNER, Appellant.

*No. 113. Argued March 28, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 643.)

672

For the appellant there were briefs by *Lueck & Skupniewitz* of Beaver Dam, and oral argument by *A. W. Lueck.*

For the respondent there was a brief by *Brenner & Brenner,* and oral argument by *Bryan A. Frame, II,* all of Waukesha.

CONNOR T. HANSEN, J.   The sole issue on this appeal is whether the trial court abused its discretion in directing the defendant to pay $450 a month for the support and maintenance of the children.

It appears from the record that the plaintiff was thirty-six years of age.  She was employed as a machine operator and part-time waitress.  Her net weekly income from both jobs was $66.72.  The defendant was forty years of age.  He operated a gasoline service station and had a gross income of approximately $54,000 a year and a net income in excess of $13,000.  Among the assets of the parties was a homestead owned in joint tenancy with an appraised value of $17,800, subject to an unpaid balance on a mortgage in the amount of approximately $6,600 requiring monthly payments in the amount of $124.

During the divorce proceedings, an extended conference took place in chambers which resulted in an agreement and stipulation between the parties.  The stipulation was read into the record by plaintiff's counsel and approved by the plaintiff, the defendant, and the trial court, and made a part of the judgment.  The stipulation provided that the plaintiff be awarded custody of the children.  She was to receive $8,500 as a full and final property settlement, awarded as an equitable lien on the homestead premises until the sum was paid.  The defendant was awarded the homestead premises, subject to the equitable lien and plaintiff's right of possession until the youngest child became emancipated, reached the age of twenty-one, or until the plaintiff remarried.  The defendant was obligated to pay the major medical and dental expenses of each child (over $15) and major repairs on the homestead premises (over $10).  He was also to pay the mortgage installments, insurance and real estate taxes on the homestead.  Alimony was held open, reviewable

only in the event plaintiff became a public charge. We consider the other provisions of the stipulation and judgment not pertinent to the issue presented on this appeal.

At the conclusion of the divorce trial and immediately following the trial court's advisement to the parties as to the effect of the divorce decree, plaintiff's attorney stated he had neglected to read into the record the provisions for child support. Whereupon, the court stated: "I will fix as Mr. Dittberner's contribution to the support of the children the sum of $450 per month, payable in bimonthly installments of $225 on the 1st and 15th of each month. Is that more convenient to you, Mr. Dittberner?" The defendant answered yes.

Findings of fact and conclusions of law were made by the trial court after having been approved as to form by both counsel. However, the judgment that was entered was not approved as to form by the defendant's attorney.

Thereafter, defendant petitioned the trial court to amend the judgment, alleging he did not agree to the entry of judgment of $450 support money, and that all he could afford to pay was $232 per month, the amount directed by the family court commissioner in his temporary order. At the outset of the hearing on the petition, the trial court stated it was satisfied that the judgment reflected the understanding of the parties in regard to the amount defendant was obligated to pay for support of the minor children. The court then allowed defendant to present testimony on a motion to amend the judgment based on a change in circumstances.

Defendant presented various budgeted items of personal and business expenses. These expenses totaled $3,183.31 per month, exclusive of personal federal and state taxes and social security payments. Defendant then testified that at the trial, nothing was said in chambers in regard to the amount of support money he would be

required to pay but that judgment was simply entered for $450 per month. Plaintiff's counsel interposed an objection, but the court allowed the testimony stating, ". . . he [defendant] seems to feel it [the amount] was not agreed upon. It would appear there was no agreement reached between the parties and the court set the figure." The court then stated its own recollection to be that defendant had a net income of approximately $1,000 per month and used this figure in calculating the amount of support money which, in addition to the monthly payment on the house, left the defendant with over $100 per week for his own personal living expenses. Following a discussion concerning defendant's gross and net income, the court affirmed the order as reasonable. Defendant then stated, "I have never been behind in bills until this judgment. I thought I would try it and if it worked out, it would be all right and if not, I would go back to court and that's why I'm here." The court again pointed out to the defendant that he had ordered him to pay approximately one half his income to his family which, after deducting his budgeted expenses, left him $100 per week. Defendant indicated he didn't think it cost him more than $100 per week to live.

On cross-examination, defendant denied being asked in chambers by the trial court if he could afford to pay $450 per month for support. He acknowledged, however, that the in-chambers conference dealt extensively with a consideration of his income and the needs of the plaintiff and children. Counsel then stipulated that plaintiff could present evidence of what transpired at the conference. The trial court, however, stated it would be unnecessary for plaintiff to present evidence at that time and affirmed the judgment as both reasonable and equitable. Accordingly, an order was entered affirming the judgment and denying the defendant's motion to amend the same.

Defendant again petitioned the trial court to review its prior determination. The motion was accompanied by an affidavit of defense counsel and an itemized statement of defendant's monthly expenditures. An order was entered denying this motion without a hearing.

Certain rules have been established and recently restated by this court which are applicable in divorce actions in determining alimony, support money, division of property and contribution toward attorney's fees. All of these determinations are within the sound discretion of the trial court and will not be overturned unless the trial court has abused its discretion. Proper discretion is exercised where the trial court has considered the needs of the wife or children and the husband's ability to pay or where the parties have entered into a stipulation. *Husting v. Husting,* ante, p. 87, 194 N. W. 2d 801; *Hennen v. Hennen* (1972), 53 Wis. 2d 600, 193 N. W. 2d 717; *Balaam v. Balaam* (1971), 52 Wis. 2d 20, 187 N. W. 2d 867.

Reference is made throughout the record to an in-chambers conference during the course of trial which resulted in a stipulation between the parties. Defendant acknowledges that an extensive discussion was held in regard to his income and the needs of the plaintiff and the children. However, defendant asserts that the amount of support money was never agreed upon and did not come under the provisions of the stipulation. From the record, it is not possible to find, as the plaintiff urges, that the stipulation did in fact embrace the amount of support money, especially where the trial court indicated the contrary and stated that the court had fixed the amount. Thus, it is necessary to examine the trial court's finding in relation to a consideration of the needs of the children and the defendant's ability to pay.

The findings of the trial court do not explicitly reveal the extent to which it considered the needs of the four children in fixing the amount of the support award.

However, the defendant made no objection at trial when the court established the obligation and at which time the defendant expressly agreed that the payment of the sum in semimonthly installments would be more convenient for him. Also in the postjudgment proceedings, the defendant testified that the amount would be agreeable as long as he was able to accommodate the same. Therefore, we find sufficient basis established for the award without such detailed findings as would otherwise be required. *Hennen v. Hennen, supra,* page 610. Both during the trial and in postjudgment proceedings, the trial court repeatedly emphasized that the defendant's net income was divided one half to the defendant and one half to the support of his children. The trial court specifically stated that this calculation reflected defendant's obligations to make the monthly mortgage payments on the homestead premises. Although no alimony was awarded to the plaintiff, there is no suggestion or indication that alimony was awarded under the guise of child support as was the situation in *Farwell v. Farwell* (1967), 33 Wis. 2d 324, 147 N. W. 2d 289. In the instant case, four children are involved and the defendant's net income is over $13,000 per annum. The defendant acknowledged he would not require more than $100 per week on which to live. Concern must be given by the trial court to allowing the parties to live apart as reasonably as possible under the circumstances. *Hirth v. Hirth* (1970), 48 Wis. 2d 491, 180 N. W. 2d 601. We conclude that the award is not excessive. In arriving at this conclusion, we have considered the authorities cited by the defendant including the cases in Annot. (1965), *Adequacy of Amount of Money Awarded as Child Support,* 1 A. L. R. 3d 324, 349, *et seq.*

The defendant also argues he is unable to make the support payments because of a change in circumstances; however, we are of the opinion the evidence does not support this assertion. He alleges that a price war in

his business reduced his income and compelled him to borrow $3,500. These circumstances were not presented to the trial court on a challenge to the amount of support money but were raised solely in response to plaintiff's petition for attorney's fees on appeal. Furthermore, defendant has failed to expressly show in what amount his income has been reduced. The provisions of a judgment of divorce may be modified only where the moving party presents evidence of a material and substantial change in the circumstances of the parties or the children. *Thies v. MacDonald* (1971), 51 Wis. 2d 296, 187 N. W. 2d 186. Defendant urges that his annual expenses exceed his income. However, an examination of defendant's proposed expenses reveals an inclusion of $8,500, the amount awarded to the plaintiff to be paid when the homestead premises are sold; and $3,500, the amount defendant allegedly borrowed. Even if the $3,500 could be included as an annual expense, the $8,500 clearly is not, and defendant is still possessed of over $100 per week on which to live. Neither the allegations in defendant's petition and supporting affidavit, nor the evidence presented to the trial court, demonstrate a substantial change in circumstances.

*By the Court.*—Orders affirmed.