CZAICKI, Appellant, v. CZAICKI, Respondent.

*No. 175 (1974). Argued May 3, 1976.—Decided June 2, 1976.*
(Also reported in 242 N. W. 2d 214.)

For the appellant there was a brief by *Harlow J. Hellstrom, Ltd., David L. Walther, John Sundquist* and *Walther & Halling,* all of Milwaukee, and oral argument by *John Sundquist.*

For the respondent there was a brief and oral argument by *Joseph H. Hallows* of Milwaukee.

ROBERT W. HANSEN, J. In this state, prior to 1971, a trial court in judgments of divorce or legal separation could "adjudge to the wife such alimony out of the property or income of the husband, for her support and maintenance, . . . as it deems just and reasonable."[1] This alimony provided for in the judgment was termed "permanent" alimony to distinguish it from "temporary" alimony, which was a maintenance award made during

---

[1] Sec. 247.26, Stats. 1969 (until amended by ch. 220, sec. 12, Laws of 1971).

the pendency of the action and until the judgment was entered.[2] Such "permanent" alimony was in fact limited to the period of time during which the wife remained unmarried[3] or until she died,[4] and it could be earlier modified or terminated based on a change of circumstances of the parties.[5]

In 1971, the state legislature changed sec. 247.26, Stats., to provide that a trial court in judgments of divorce or legal separation may "adjudge for a limited period of time to either party such alimony out of the property or income of the other party for support and maintenance, . . . as it deems just and reasonable."[6] No problem is presented or issue here raised as to the entitling of "either party" to alimony where it is found "just and reasonable" so to provide in a divorce judgment. The issue raised concerns the substitution of the phrase "adjudge for a limited period of time" in the revised statute for the word "adjudge" in the earlier statute.

Appellant contends that the phrase substituted—"adjudge for a limited period of time"—outlaws what is termed "permanent" alimony, the term used by the trial court here for an award of alimony that was to continue until death or remarriage or change of circumstances. It is claimed that such award of alimony is not permitted under the statute, sec. 247.26, as revised, because it is not "limited in time." It is not claimed that the time limit must be one for a brief period of time, as, for example, an award of alimony for four years until a recipient completes a course of college or vocational training. It is not contended that even an award of alimony

[2] *See:* Sec. 247.23, Stats.

[3] Sec. 247.38, Stats.

[4] *Yates v. Yates* (1917), 165 Wis. 250, 253, 161 N. W. 743.

[5] *See:* Sec. 247.32, Stats.

[6] Sec. 247.26, Stats. (as amended by ch. 220, sec. 12, Laws of 1971).

for a 50- or 100-year period of time, unless death or remarriage or change of circumstances came earlier, would not be an award of alimony for a "limited period of time." We discuss then whether sec. 247.26, as revised, requires a time limit to an alimony award, stated in calendar terms of months or years or decades. That quickly becomes a question of whether there is ambiguity as to the meaning of sec. 247.26 as revised, considered in relation to other statutes regarding the awarding of alimony.

Under the decisions of this court, a statute is "ambiguous" when it is capable of being understood by reasonably well-informed persons in either of two or more senses.[7] Such ambiguity can derive from words used in a single statute, or from the interaction of two separate statutes.[8] Here the issue of ambiguity, appellant concedes,[9] arises from the coexistence of sec. 247.26, as amended in 1971, with sec. 247.29, left unchanged in 1971. Section 247.29 (1) directs that alimony payments

---

[7] *Recht-Goldin-Siegal Const. v. Dept. of Revenue* (1974), 64 Wis. 2d 303, 306, 219 N. W. 2d 379, this court holding: ". . . [W]hen a case comes before this court it is obvious that people disagree as to the meaning to be given to a statute. This is not controlling. The court must determine whether 'well-informed persons' *could have* become confused." (Emphasis by court.)

[8] *Morrissette v. DeZonia* (1974), 63 Wis. 2d 429, 436, 217 N. W. 2d 377, this court holding: "An ambiguity can be created by the interaction of two separate statutes as well as by the interaction of the various words and the structure of the statute itself." *See also: Edelman v. State* (1974), 62 Wis. 2d 613, 619, 215 N. W. 2d 386, this court holding: "The question arises because the clause added—'if there is no minimum prescribed for the offense'—differs from the clause retained—'or when he has served the minimum prescribed by statute.' The additional words 'by statute' present in the clause retained and absent in the clause added, do create an ambiguity."

[9] Appellant's Brief, page 8, conceding: "The reference in 247.29 (1) to 'temporary or permanent alimony' is ambiguous when read with 247.26."

be made to the clerk of court where the orders or judgments provide "for temporary or permanent alimony." If sec. 247.26 is read to ban awards of alimony continuing until death or remarriage, then it is difficult to reconcile it with sec. 247.29 and the reference to awards of "permanent" alimony. Under the "well-informed persons" test,[10] clearly ambiguity exists as to whether a trial court has the authority to award "permanent" or until-death-or-remarriage alimony. While no objection to the award of "permanent" alimony was made by plaintiff-appellant at time of trial, the question of his right to raise the issue on appeal is not contested on appeal, so we will reach and resolve the question of the authority of a trial court to award continuing or "permanent" alimony in a divorce judgment.

■ With the interaction of two statutes, one changed and one left unchanged, creating an issue of ambiguity, we may look outside the face of the statutes to determine, if possible, the legislative intent.[11] Prior to 1971, the trial court under sec. 247.26, Stats., was permitted to "adjudge alimony" with no reference to its being "for a limited period of time" as the revised section now provides. Then, as now, the other section (sec. 247.29 (1))

[10] *See: State ex rel. West Allis v. Dieringer* (1957), 275 Wis. 208, 218, 81 N. W. 2d 533, this court holding: "A statute, or any sentence, clause, or word thereof, is 'ambiguous' when it is capable of being understood by reasonably well-informed persons in either of two or more senses."

[11] *Kindy v. Hayes* (1969), 44 Wis. 2d 301, 308, 309, 171 N. W. 2d 324, this court holding: "Such looking to materials outside the face of the statute in resolving an issue of statutory interpretation is primarily for the purpose of ascertaining the legislative intent. Such legislative intent is to be sought: '. . . from the language of the statute in relation to its scope, history, context, subject matter and the object intended to be remedied or accomplished [citation omitted]. . . .'" (Quoting *City of Milwaukee v. Milwaukee County* (1965), 27 Wis. 2d 53, 56, 133 N. W. 2d 393.)

under analysis referred to orders or judgments "providing for temporary or permanent alimony." It was in this frame of reference that the recommendation for change by the Family Law Section of the State Bar of Wisconsin is to be viewed. The Family Law Section suggested to the 1971 legislature the amendment of sec. 247.26, recommending:

"That Sections 247.245 and 247.26, Wis. Stats., be amended with respect to alimony to provide that the court may award alimony for a limited period of time in its discretion. . . ."

Based on this recommendation the Legislative Reference Bureau drafted the present text of the revised sec. 247.26. Nowhere in the report of the Family Law Section or in the draft of the Legislative Reference Bureau is there any reference to sec. 247.29 or any suggestion that its reference to "temporary and permanent alimony" ought be altered or deleted. The draft of the bill was sent back to the Family Law Section for review, and suggestions for changes were made, but no suggestion was made as to sec. 247.29 or its reference to "permanent" alimony. Nearly as drafted by the reference bureau, sec. 247.26, in its 1971 edition, was adopted by the legislature. We find here no legislative intent to take from trial courts the right to impose "permanent" alimony, meaning continuing until remarriage or death, unless modified or earlier terminated by the trial court. Rather we see a spelling out of the right of the trial court to grant alimony in a divorce judgment for a briefer time span as well as for a remarriage-or-death limitation as to its duration.

In support of the interpretation of this meaning found to be intended by the legislature, we note that the legislature left unchanged another statute providing for alimony in an annulment action where the judgment is granted in favor of or against an innocent spouse who

has relied upon the representations made by the alleged spouse as to capacity to contract marriage.[12] The authority granted to the trial judge in such situations is to "grant alimony payments to the injured party as it deems just and equitable."[13] There is no requirement that the alimony granted in such annulment actions be restricted to alimony "for a limited period of time." Absurd results are to be avoided in the construction of statutes,[14] and absurd indeed would be the result of continuing or "permanent" alimony being available to a spouse in certain annulment actions, and not being available to a spouse who sought and secured a decree of divorce, absolute or limited.

Our court has held that when there are several statutes relating to the same subject matter "they should be read together and harmonized, if possible."[15] This was held in a case dealing with three statutes enacted at different times relating to the same subject, the cost of keeping Milwaukee city prisoners in Milwaukee county penal institutions.[16] Here we deal with three statutes, secs. 247.26, 247.29 (1) and 247.245, all involving the matter of trial courts granting alimony. Harmonizing the three requires holding that the most recent enactment, sec. 247.26, did not abolish the right of a trial court in a divorce judgment to order an award of alimony until death or remarriage (unless an earlier termination was required by changed circumstances). The alternative of requiring the trial court to set a time limit of some sort,

[12] Sec. 247.245, Stats.

[13] *Id.*

[14] *Wisconsin Valley Imp. Co. v. Public Serv. Comm.* (1960), 9 Wis. 2d 606, 615, 101 N. W. 2d 798, this court holding: "It is further a well-recognized rule of statutory construction that absurd results are to be avoided if possible."

[15] *City of Milwaukee v. Milwaukee County, supra,* footnote 11, at page 56.

[16] *Id.* at page 56.

for example, fifty or one hundred years (unless earlier terminated by death or remarriage) has no more to recommend it than had the requirement, now abandoned,[17] that a trial court must set one dollar per month alimony in order to retain jurisdiction to impose alimony in the event of changed circumstances in the future.

Upholding the right of a trial court to include in a divorce judgment an award of "permanent" or continuing alimony, ending with death or remarriage unless earlier terminated, brings us to the narrower issue of whether the award of alimony here made was excessive. An award of alimony is within the sound discretion of the trial court, and will not be upset unless an abuse of discretion can be shown.[18] As a generalization, alimony payments are to be fixed on the basis of the need of the spouse awarded alimony and the ability of the spouse ordered to pay alimony.[19] Here the objection to the award made is not as to ability of the husband to pay, but rather as to the need of the wife. Appellant contends the respondent will be receiving: "$150.00 (the value of the housing); $10 rental income over house payments; $80.00–100.00 from her son for rooming; $100.00 in

[17] *See: Kronforst v. Kronforst* (1963), 21 Wis. 2d 54, 65, 66, 123 N. W. 2d 528 this court holding: "[T]he trial court can effectively retain jurisdiction to award alimony in the future without in the meantime awarding alimony in a nominal amount, such as one dollar per month, as was done in *Hansen v. Hansen, supra* [(1951), 259 Wis. 485, 49 N. W. 2d 434] and *Burg v. Burg* (1957), 1 Wis. 2d 419, 85 N. W. 2d 356."

[18] *Husting v. Husting* (1972), 54 Wis. 2d 87, 91, 194 N. W. 2d 801.

[19] *Balaam v. Balaam* (1971), 52 Wis. 2d 20, 25, 187 N. W. 2d 867, this court adding: "The needs of the wife are ordinarily determined by her assets and income, her earning capacity, age and health . . . her special needs . . . , if any, and [her] customary station in life. The ability of the husband to pay is usually determined by his income, assets and debts, and his age and health."

earnings; and $200.00 in alimony."[20] While the judgment provided that the ex-wife could earn up to $100 per month without having alimony reduced, we find no proof that she is now earning that amount. Even if that were the situation, we find no abuse of discretion in the trial court's setting alimony at $200 per month, reduced from the earlier payments of $350 per month. Our court has said: "Concern must be given by the trial court to allowing the parties to live apart as reasonably as possible under the circumstances."[21] We find no basis for holding that the trial court failed in such endeavor.

██ ██ On appeal, the plaintiff-appellant sets forth a number of reasons why the amended property division award, as contained in the divorce judgment, should be reversed. The first is that there is no factual basis for the trial court's emphasis on the possible early retirement of the appellant. On information and belief, the respondent, by affidavit, stated that appellant had stated on several occasions that he "would retire at an early age to avoid the payment of alimony, and in the event this should happen the defendant would be destitute." No denial or reference to early retirement was made in the counteraffidavits of appellant. Moreover, no denial and no objection to the statement in respondent's affidavit was made at the time of the hearing. It is not error to admit hearsay evidence when there is no objection made to its admission.[22] Additionally, the trial court considered other factors as suggesting an early retirement, including: (1) The favorable terms as to early retirement available to appellant; (2) the fact that the parties were "particularly unyielding and bitter;" and (3) that

[20] Appellant's Brief, at page 24.
[21] *Dittberner v. Dittberner* (1972), 54 Wis. 2d 671, 677, 196 N. W. 2d 643.
[22] *See: Wilder v. Classified Risk Ins. Co.* (1970), 47 Wis. 2d 286, 290, 177 N. W. 2d 109.

respondent was in fact unable to adequately support herself. The considering of early retirement as a factor was here proper. The general rule is that a division of property is within the discretion of the trial court and will not be upset on appeal unless there has been an abuse of discretion.[23] The trial court here took into consideration a number of proper and relevant factors,[24] including the age of the parties and their respective abilities to support themselves. We find no abuse of discretion in the division of property ordered, particularly with the modification being accompanied by a $150 per month reduction in alimony.

Additionally, appellant faults the division of property in the divorce judgment as not based on adequate findings as to the facts. Adequate findings of fact are required,[25] either in findings or in the decision.[26] As we stated above, in dealing with the factual basis for the division of property made, we find that the trial court

[23] *Leeder v. Leeder* (1970), 46 Wis. 2d 464, 468, 175 N. W. 2d 262.

[24] *See: Lacey v. Lacey* (1970), 45 Wis. 2d 378, 383, 384, 173 N. W. 2d 142, this court holding: "Whatever is material and relevant in establishing a fair and equitable basis for division of the property of the parties may be considered. Such relevant factors certainly include the length of the marriage, the age and health of the parties, their ability to support themselves, liability for debts or support of children, general circumstances, including grievous misconduct, although a division is not a penalty imposed for fault. Whether the property award is in lieu of or in addition to alimony payments is a material factor." *See also: Heiting v. Heiting* (1974), 64 Wis. 2d 110, 121, 122, 218 N. W. 2d 334, and sec. 247.26, Stats.

[25] *See: Lavota v. Lavota* (1975), 70 Wis. 2d 971, 974, 236 N. W. 2d 224.

[26] *Lacey v. Lacey, supra*, footnote 24, at page 386, this court holding: ". . . a firm foundation for such division [of property in a divorce judgment] must be laid by including in findings or decision the factors found relevant and considered by the judge in reaching his decision as to property division."

here did adequately state the factors it considered in reaching the division of property mandate contained in the judgment of divorce.

Finally, appellant argues that the modification of the trial court decision as to the division of property, although made prior to entry of judgment, was improper. The claim is that adequate grounds were not shown as required by sec. 269.46 (3), Stats., which provides for review by the trial court of all judgments and court orders within sixty days of service or notice of entry of such judgment or order. Appellant sees this sub. (3) as requiring the same showing of "mistake, inadvertence, surprise or excusable neglect" as does sub. (1) of the same sec. 269.46. That is not correct. Our court has "encouraged litigants and trial courts to utilize sec. 269.46 (3), Stats., to correct both errors of law and findings of fact, and has indicated that the statute confers broad power on the trial court to do so."[27] Noting that sub. (1) allows a trial court to relieve a party from a judgment within one year of notice of its being rendered, only "upon a showing of 'mistake, inadvertence, surprise or excusable neglect,' "[28] our court has held that: "If a party acts quickly however, within sixty days of the notice of judgment, then sub. (3) is applicable. . . . [S]ub. (3) contains no requirement of showing excusable neglect, etc., as required under sub. (1). . . ."[29] We see no foundation for any claim that the trial court here exceeded its area of discretionary authority under sub. (3) of sec. 269.46, in its modification of its division of property order prior to entry of judgment. Nor do we find substance to appellant's contention that a property division must be made at the time a divorce is granted.

---

[27] *Kochel v. Hartford Accident & Indemnity Co.* (1975), 66 Wis. 2d 405, 418, 225 N. W. 2d 604.

[28] *Id.* at page 419.

[29] *Id.* at page 419.

Reliance is upon *Johnson v. Johnson*.[30] Such reliance is misplaced. In that case the trial court withheld a division of trust property until the husband was entitled to his share, and we reversed. Here the divorce judgment, the only judgment, contains the modified division of estate as determined by the trial court. There is no basis for objection to the procedure here followed.

We find no abuse of trial court discretion as to either the alimony awarded or the division of estate ordered in the judgment of divorce granted. Finding no abuse of discretion, we affirm the judgment entered by the trial court on all counts and in all particulars.

*By the Court.*—Judgment affirmed.

---

[30] (1967), 37 Wis. 2d 302, 155 N. W. 2d 111, 156 N. W. 2d 492.