JAMES WENDLAND, District Attorney Dunn County
You request my opinion on a number of questions based on the following facts:
 ". . . Dunn County purchased with County funds a small parcel of land in 1942, ostensibly for the purpose of opening a gravel pit. However, the gravel pit was never opened, and the land has not been used by the County for any other purpose which is even remotely connected to highway construction or maintenance. (The original intended use for highway purposes is not recited in the deed to Dunn County.) The County now desires to sell this parcel, which is landlocked, to an adjoining property owner."
Your first question is whether this land is "owned by the County for highway purposes" within the meaning of sec. 83.08(4), Stats.
I am of the opinion that it is if it was acquired by the county at the instance of the county highway committee. Further research of county highway committee records will have to be conducted.
It is probable, however, that the land was acquired at the instance of the county highway committee, for use as a gravel pit, with title taken in the name of the county pursuant to the provisions of sec. 83.07(2), Stats. (1941), which is almost identical to present sec. 83.07(2), Stats., which provides:
 "(2) In case the county highway committee or town board deems it desirable to acquire any lands or the right to take stone, gravel, clay or other material, from private lands for use in the execution of the committee's or board's duty, or to acquire the right of access to any lands, or the right of drainage across any lands, the committee or board may purchase or condemn such lands or right and take title thereto in the name of the county or town, and the cost thereof shall be paid out of the highway improvement funds." (Emphasis added.)
As stated in 31 Op. Att'y Gen. 241 (1942), the power to acquire lands under such statute must be connected to the execution of the *Page 210 
committee's duties, viz., the construction or maintenance of highways.
Your second question is whether, if this land is owned by the county for highway purposes, sale must be at "public sale" under sec. 83.08(4), Stats., or whether the land may be sold at private sale pursuant to sec. 59.07(1)(c), Stats.
I am of the opinion that the land must be sold at "public sale" pursuant to sec. 83.08(4), Stats., since that is a specific statute which would control over power the county has under sec.59.07(1)(c), Stats., which is a general statute. The opinion in 60 Op. Att'y Gen. 425 (1971) did not refer to sec. 83.08(4), Stats., but did cite cases which indicated that sales of public lands may be limited by express statute.
Section 83.08(4), Stats., provides:
 "(4) Subject to the approval of the highway commission the county board is authorized and empowered to sell at public sale property, owned by the county in fee for highway purposes, when the county board shall determine that such property is no longer necessary for the county's use for highway purposes. The funds derived from such sale shall be deposited in the county highway fund and the expense incurred in connection with the sale shall be paid from that land. However, approval of the highway commission is not required where county funds only have been used." (Emphasis added.)
If purchased pursuant to sec. 83.07(2), Stats., the necessary funds came from the county highway fund, and sec. 83.08(4), Stats., provides that where lands held for highway purposes are sold, the proceeds of sale be deposited to such fund.
Your third question is as to the meaning of "public sale" as that term is used in sec. 83.08(4), Stats.
The term is not defined in the statutes and I have not found a Wisconsin case which is directly in point. In Eldred v. Sexton,30 Wis. 193, 199 (1872), the court was concerned with interpretation of a federal statute dealing with the sale of public lands. The court stated:
 "It is very evident that the purposes sought to be accomplished by requiring the public lands to be offered at *Page 211 
public sale before they become subject to private entry, are, 1. To give all persons an equal opportunity to purchase the same; and 2, to give the government the benefit of the increased price which might result from competition . . ."
In my opinion a "public sale" as used in sec. 83.08(4), Stats., can be by auction or written bids, and must be held in a public place, to which the public as such has access, pursuant to notice of the time and place of such sale in order that the purchasers may advise themselves of the terms and title of the property and be able to bid on an intelligent and competitive basis, and wherein the property is sold to the highest qualified bidder. SeeMatthews v. Linn, 78 S.D. 203, 99 N.W.2d 885 (1959); Howell v.Gibson, 208 S.C. 19, 37 S.E.2d 271, 276 (1946); In re Nevada-UtahMines Smelters Corporation, 198 F. 497 (S.D. N.Y. 1912); and other cases cited in 35 Words Phrases, pp. 625-627.
BCL:RJV