RAYMOND L. PAYNE, District Attorney Douglas County
You state:
 "Since about 1956, Douglas County has by resolution directed the County Treasurer to purchase all tax certificates on tax delinquent lands lying within the County's boundaries. The County understands that this procedure is permitted under Wis. Stat. 74.44 (1). Recently, the City of Superior has, under Wis. Stat. 74.43 (3), by resolution authorized its City Treasurer to purchase tax certificates for all property lying within the City. The City asserts that Wis. Stat. 74.43
(3) requires the County to strike off to the City all tax delinquent land lying within the City for taxes and interest. If the City's interpretation of s. 74.43
(3) is accurate, the County would no longer be able to purchase tax certificates for land lying in the City, but would turn over these certificates to the City. The County's authority under Wis. Stat. 74.44 (1) would be limited to lands lying outside municipal boundaries."
You ask:
 "Under Wisconsin Statutes 74.43 (3) does a city have the right to purchase for taxes plus interest all tax certificates for tax delinquent land lying within said city?"
The answer is that a city does have such a right to purchase, but its right is subordinate to the right of the county. *Page 151 
Section 74.44 (1), Stats., provides in part:
 "The county board of any county may authorize and direct the county treasurer to bid in and become the purchaser of all lands sold for taxes for the amount of taxes, interest and charges remaining unpaid thereon. . . ."
When the county board decides to exercise this authority, it becomes the exclusive bidder. This is apparent from reading that part of sec. 74.33 (2)(c), Stats., which deals with the notice of sale and which provides in part:
"THIS SALE IS NOT OPEN TO THE PUBLIC.
 "THE COUNTY WILL PURCHASE THESE DELINQUENT TAXES."
Also see sec. 75.32, Stats., as amended by ch. 83, sec. 12, Laws of 1977.
The provisions of sec. 74.43 (3), Stats., which enable the common council of a city to authorize and direct the city treasurer to bid in and become the purchaser of all lands sold for taxes must be construed so as not to conflict with the above-mentioned provisions which enable the county treasurer to bid in and become the purchaser of all lands sold for taxes. The obvious way to do this is to construe the city's power as being subject to that of the county because the county has specific powers under secs. 74.33 (2)(c) and 75.32 whereas there are no express statutory provisions granting similar powers to cities. Therefore, an ordinance enacted by a city council under the provisions of sec. 74.43 (3) would only become operative where the county board has not authorized and directed the county treasurer to bid in and become the purchaser of all lands sold for taxes under sec. 74.44 (1). Statutes relating to the same subject matter should be read together and harmonized if possible. Czaicki v. Czaicki, 73 Wis.2d 9, 17, 242 N.W.2d 214
(1976). Section 74.43 (1), Stats., provides in part:
 "If, at any sale in any city . . . no bid shall be made for any parcel of land . . . the same shall be struck off to the city . . . . Whenever such city shall hold any certificate of sale for any land sold for the nonpayment of city taxes, the common council . . . may authorize and direct the city treasurer to bid in and to become exclusive purchaser . . . of such lands at any sale . . . by the *Page 152 county treasurer for the county and state taxes . . . provided that such city shall, before becoming the exclusive purchaser for said lands for said county
taxes, purchase any outstanding county certificates
of sale held by the county which are subsequent to the city certificates of sale . . . ." (Emphasis added.)
The underscored language provides a further indication of a legislative intent that the city's role be subordinate to the county. It is the county treasurer who has jurisdiction over tax delinquent land; he keeps the records, publishes notices, conducts the sale, accepts bids, requires payments and bids off land for the county. Secs. 74.33-74.42, Stats. There is no language in secs. 74.43 or 74.44 to suggest that tax delinquent land should be classified or treated differently based upon municipal boundaries. Further, sec. 74.33 (2)(a), Stats., contains the statement: "If the county is the exclusive bidder
under s. 74.44, he [the county treasurer] shall so state in a separate notice." (Emphasis added.)
You further state that the county understands that sec. 75.69
(2), Stats., permits the county to sell or exchange its tax deeded land to the city without advertising or taking bids for the property.[1] You then say that a question arises as to whether or not a city must then advertise and bid the land, presumably in connection with a resale of the land by the city. You ask, "When a municipality purchases tax-deeded land from a county, must the city put the land up for bids *Page 153 
under Wis. Stat. 75.69?" You note that 42 Op. Att'y Gen. 73 (1953) deals with a similar situation although there the municipality took title to the property from the county in exchange for real estate tax credit which it had with the county on an excess delinquent tax roll.[2] You suggest that a different result should obtain where the municipality furnishes consideration to the county in the form of a negotiated dollar price or an exchange of property instead of the exchange of real estate tax credit. I agree with that part of your conclusion with respect to sec. 75.69 (2) to the effect that when the county enters into a sale or exchange of tax delinquent real estate with a municipality or with the state, the advertising and bidding requirements of sec. 75.69 (1), Stats., are not applicable. With respect to a subsequent sale by the city, it is my opinion that if such a transfer does not fall within the statutory exemptions of sec. 75.69 (2), it must comply with the requirements of sec.75.69 (1). See 60 Op. Att'y Gen. 425, 428 (1971).
BCL:JEA
[1] Section 75.69, Stats., provides:
"Sale of tax delinquent real estate. (1) Except in counties having a population of 500,000 or more, no tax delinquent real estate acquired by a municipality as defined in s. 75.35 (1) (a), shall be sold unless the sale and appraised value of such real estate has first been advertised by publication of a class 3 notice, under ch. 985. Any such municipality may accept the bid most advantageous to it but every bid less than the appraised value of the property shall be rejected. Any such municipality is authorized to sell for an amount equal to or above the appraised value, without readvertising, any land previously advertised, or sale.
"(2) This section shall not apply to exchange of property under s. 59.97 (8), to withdrawal and sale of county forest lands. nor to the sale or exchange of lands to or between municipalities or to the state.
"(3) This section shall apply to all tax delinquent lands regardless of the date of acquisition by the municipality.
"(4) No tax delinquent real estate shall be sold by a county under this section unless notice of such sale is mailed to the clerk of the municipality in which the real estate is located at least 3 weeks prior to the time of the sale."
[2] That opinion concluded at p. 76:
"It is my opinion that this property was `tax delinquent real estate' within the meaning of sec. 75.69 when it was acquired by Florence county and that it continued to be such when it was conveyed by the county to the town of Tipler in exchange for real estate tax credit. Since the town of Tipler was a municipality within the meaning of sec. 75.69 (1), and sec. 75.69 (3) says that the section shall apply to all tax delinquent lands regardless of the date of acquisition by the municipality, it is my opinion that the conveyance by the town of Tipler to the private individual was invalid because the provisions of sec.75.69 relating to appraisal and advertising were not followed by the town."