VILLAGE OF SURING and another, imp., Respondents, vs.
SURING STATE BANK, Appellant.
SURING STATE BANK, Appellant, vs. VILLAGE OF SURING
and others, imp., Respondents.

*February 10—March 9, 1926.*

*Municipal corporations: Making gift of factory site: Authority of
officers: Quieting title: Removal of improvements.*

1. If it be assumed that a village had the power, in a proper case,
   to convey real estate, that would not justify a gift of the
   property to a private party for a private benefit.  p. 405.
2. A municipality cannot, by statute, be authorized to raise funds
   to aid a private manufacturing enterprise, and bonds issued
   for such a purpose are void.  p. 405.
3. Village officers have no power to give away real estate of the
   village, and their unauthorized deed is void.  p. 405.
4. A judgment quieting title in a village to the property conveyed
   by the village officers does not preclude the parties entitled
   to possession of the improvements made in reliance on the
   deeds from applying at the foot of the judgment for leave
   to remove the improvements.  p. 405.

APPEAL from a judgment in each case of the circuit court
for Oconto county: W. B. QUINLAN, Circuit judge.  *Af-
firmed.*

These cases were argued together and presented in one
brief.  The case in which the *Suring State Bank* is plaintiff is
an action begun to foreclose a mortgage given to the *Suring
State Bank* by the Suring Manufacturing Company.  The
action in which the village of *Suring* and *Peter Peterson* are
plaintiffs is an action brought to quiet title to the premises
covered by the mortgage, foreclosure of which is sought in
the first action.  The findings of fact are the same in both
cases and the facts are concisely presented.  We set them
forth as follows:

"I.  That the village of *Suring* is a municipal corporation
organized and existing under and by virtue of the laws of
the state of Wisconsin.

"II. That the Wagner Mercantile & Manufacturing Company at all times in question was a corporation organized and existing under and by virtue of the laws of the state of Wisconsin.

"III. That the defendant *Suring State Bank* at all times in question was a banking corporation organized and existing under and by virtue of the laws of the state of Wisconsin.

"IV. That one W. J. Thielke, at all of the times in question, was a director of, cashier of,. and was in active charge of the *Suring State Bank*.

"V. That at all of the times in question Oscar Wagner was the secretary of the Wagner Mercantile & Manufacturing Company and the village clerk of the village of *Suring*.

"VI. That at all of the times in question George Gisch was the president of the plaintiff village of *Suring*.

"VII. That on the 1st day of February, A. D. 1921, the village of *Suring* bought the lands in question and hereinafter described from the Wagner Mercantile & Manufacturing Company and paid therefor the sum of $2,000, which moneys were taken out of the general fund of the village of *Suring*.

"VIII. That the deed of conveyance conveying the property as aforesaid was prepared by W. J. Thielke, cashier of the *Suring State Bank,* in the bank, and was retained by said bank until the 24th day of March, A. D. 1922, at which time it had said deed recorded in the office of the register of deeds for Oconto county, Wisconsin.

"IX. That in February, 1921, George Gisch and Oscar Wagner, as president and clerk, respectively, executed in form a deed of conveyance of the property herein described to A. F. Kubiak and A. C. Wilcox. That said pretended deed of conveyance was solely for a private purpose and without consideration.

"X. That the board of trustees of the village of *Suring* at no time held any meeting to authorize, and at no time authorized, the president and clerk of the plaintiff village to execute said deed or to make the pretended conveyance aforesaid.

"XI. That the board of trustees of the village of *Suring* had no knowledge of the pretended conveyance by the presi-

dent and clerk of said village until shortly prior to the commencement of this action.

"XII. That such pretended deed of conveyance set forth in finding nine (IX) hereof was prepared by W. J. Thielke, and was retained by the defendant bank until March 24, 1922, at which time said bank had it recorded in the office of the register of deeds of Oconto county, Wisconsin.

"XIII. That the pretended deed of conveyance from the village of *Suring* to A. F. Kubiak and A. C. Wilcox contained the following provision: 'Provided, however, that the parties of the second part erect a mill for the purpose of manufacturing cheese boxes and any other articles of product they may decide on; the said parties of the second part agree not to remove their mill for a period of five years unless they find during that period that the mill is not a paying business; then and in that case they will offer their plant to the parties of the first part at a price fixed by appraisers to be agreed upon; if party of the first part does not wish to buy the mill, party of the second part shall have the right to remove said mill by deeding the land above described back to the party of the first part free and clear from all legal liens or incumbrances. This deed is subject to abstract.

"XIV. That on the 17th day of March, A. D. 1922, A. F. Kubiak and wife, and on the 16th day of March, A. D. 1922, A. C. Wilcox and wife, by separate quitclaim deeds attempted to convey the premises in question to the Suring Manufacturing Company, a corporation by them organized and of which they were officers. That said attempted conveyance was without consideration.

"XV. That such quitclaim deeds were recorded in the office of the register of deeds for Oconto county, Wisconsin, on March 24, 1922.

"XVI. That at the time of the pretended conveyance of the premises in question by George Gisch and Oscar Wagner, president and clerk, respectively, of the village of *Suring,* George Gisch was superintendent of the Suring Manufacturing Company.

"XVII. That the Suring Manufacturing Company executed and delivered to the *Suring State Bank* three promissory notes, to wit: one dated November 10, 1921, for the principal sum of $2,500; one dated November 30, 1921, for

the principal sum of $2,500; one dated October 12, 1921, for the principal sum of $500. That each note was given for a period of ninety (90) days and was to bear interest at the rate of seven per cent. per annum.

"XVIII. That the Suring Manufacturing Company was adjudicated bankrupt in October, 1922, and that the defendant *A. McComb* was appointed trustee of its bankrupt estate.

"XIX. That for a period of six months prior to being adjudicated bankrupt the Suring Manufacturing Company was in financial trouble. That at such time W. J. Thielke was elected a director and president thereof; and that A. J. Whitcomb was elected a director and secretary thereof.

"XX. That on the 23d day of March, A. D. 1922, W. J. Thielke and A. J. Whitcomb executed and delivered on behalf of the Suring Manufacturing Company a real-estate mortgage to the *Suring State Bank* to secure the three several notes described in finding number seventeen (XVII) hereof, and describing therein the real estate in question.

"XXI. That the *Suring State Bank* and its proper officers knew that the pretended deed of conveyance executed by George Gisch and Oscar Wagner, village president and clerk, respectively, were unauthorized and without consideration and for other than a public purpose.

"XXII. That the Suring Manufacturing Company early in the fall of 1922 executed and delivered to the plaintiff *Peter Peterson* a land contract agreeing to convey to him a portion of the real estate herein described, and that said *Peterson* did not comply with the terms thereof.

"XXIII. That on the 12th day of January, 1923, the Wagner Mercantile & Manufacturing Company assigned to *Peter Peterson* each and every cause of action accruing to it and arising out of the pretended conveyances hereinbefore set out.

"XXIV. That the village of *Suring* is the owner of and entitled to the possession of the property described in plaintiff's complaint as follows, to wit: [Description omitted.]

"XXV. That the defendants make some claim thereto.

"XXVI. That a notice of *lis pendens* was duly filed in the office of the register of deeds for Oconto county, Wisconsin, on the 3d day of March, A. D. 1923.

*"Conclusions of law.*

"XXVII. That the plaintiff village of *Suring* is the owner of and entitled to the possession of the property hereinbefore described and that it is not estopped from asserting such ownership and right of possession. That its claim thereto be and hereby is established against any and all claims of the defendants, and the defendants be forever barred against having or claiming any right or title to the lands herein described adverse to the plaintiff village of *Suring.*

"Let the clerk enter judgment accordingly."

Upon these findings judgment was entered in the first case dismissing the plaintiffs' complaint, and in the second case quieting title to the premises in question in the village of *Suring.* The *Suring State Bank* appeals in each case, in one case as defendant and in the other as plaintiff.

For the appellant there were briefs by *Classon, Whitcomb & Kuzenski* of Oconto, and oral argument by *Walter F. Kuzenski.*

For the respondents the cause was submitted on the briefs of *Eberlein & Larson* of Shawano and *Lehner & Lehner* of Oconto Falls.

ROSENBERRY, J. The decisive question in this case is, Was the action of the village or its officers in making the conveyance to the Suring Manufacturing Company *ultra vires?* The finding that the officers of the *Suring State Bank* and the bank, and the officers and the Suring Manufacturing Company had full notice, is amply sustained by the evidence. Neither the Suring Manufacturing Company nor the *Suring State Bank* is an innocent purchaser for value, and if the conveyance in question to the Suring Manufacturing Company was void as between it and the village it is void as to all parties. It is perfectly plain from the findings that what the village president and the village clerk were trying to do was to aid the Suring Manufacturing Company in establishing a manufacturing plant in promotion of what they be-

lieved to be the general welfare. Some claim is made that if the village had power to acquire the property in question it also had power to convey. If it be assumed that the village had power to convey in a proper case, that would not justify a conveyance in this case which was by way of gift of the property to private parties for private benefit. A municipality cannot by statute be authorized to raise funds for such purposes, and bonds issued by a municipality in aid of a manufacturing enterprise are void because the promotion of private manufacturing enterprises is not a public purpose. *Citizens' Sav. & L. Asso. v. Topeka,* 20 Wall. (87 U. S.) 655; *Lakeside L. Co. v. Jacobs,* 134 Wis. 188, 114 N. W. 446.

Without in any way calling in question the motives of those who are concerned with the transaction, it is clearly beyond their power to give away the property of the village. The deed was void, the Suring Manufacturing Company took no title, and the village is in no way estopped to assert the invalidity of the conveyance. It furthermore appears that the execution of the deed was entirely unauthorized except at a joint meeting of the Advancement Association and the village board. It is hardly necessary to comment upon the impropriety of a meeting of that kind authorizing the officers of a municipal corporation to give away its. property.

If in reliance upon the provisions of the deed given by the village of *Suring* to Kubiak and Wilcox, set forth in the thirteenth finding, improvements have been made upon the premises, the judgment in this case should not preclude the parties entitled to the possession of such improvements from applying to the court at the foot of the judgment for leave to remove the same under such conditions as the court may determine are just and equitable. It is probable that the judgment as entered would not preclude the parties in that respect. While it is not necessary, therefore, to modify

the judgment, this observation is made in the interest of an orderly and speedy determination of the entire controversy.

We need not discuss other questions raised in the briefs.

The mandate in each case will be that the judgment of the circuit court be affirmed.

*By the Court.*—It is so ordered.