CITY OF KIEL, Respondent, vs. FRANK SHOE MANUFACTURING COMPANY and others, Appellants.

*May 4—June 1, 1942.*

For the appellants there was a brief by *Nash & Nash* of Manitowoc, attorneys for the Frank Shoe Manufacturing Company, George Frank, and Gordon A. Frank, and by *Clarence G. Ehrle* of Milwaukee, attorney for Fred Froede, and oral argument by *Walter J. Clark* and *A. F. Rankin,* both of Manitowoc.

For the respondent there was a brief by *W. A. Martin* of Kiel and *Hougen, Brady & Murphy* of Manitowoc, and oral argument by *Mr. A. L. Hougen, Mr. C. P. Brady,* and *Mr. Martin.*

ROSENBERRY, C. J.   It appears from the allegations of the complaint that the city of Kiel entered into an arrangement with the Frank Shoe Manufacturing Company on the 11th day of June, 1940, by which it was agreed that the Frank Shoe Manufacturing Company should move its plant to the city of Kiel; that the same should be rent and tax free for a period of five years, and upon the expiration of that period, if the company had performed its part of the agreement, the city was to convey certain real estate to the company free and clear of all incumbrances and liens.   The city further agreed that the assessed valuation should be fixed at a reasonable figure in accordance with the methods of assessing other similar improved property in the city.   The city agreed to pay to the company the sum of $2,000, to be used by the company in repairing the building to be occupied by it and installing machinery therein.   The city further agreed to pay to the company the sum of $10,000 when the company had completed its removal to the city of Kiel.   The company in addition to moving its plant to the city was to maintain and disburse an average annual pay roll, exclusive of corporate officers, of $40,000 or more for the period of five years.

It is further alleged in the complaint that the defendants confederated together and entered into a conspiracy to induce the mayor and city council of the plaintiff to pay over and deliver to the company a large sum of money, and pursuant to that conspiracy made certain false representations to the mayor and the city council; that the mayor and the city council—

"accepted said statements, representations and declarations in good faith and believed and relied thereon and believed that

they might lawfully cause moneys of the city of Kiel to be paid to said Frank Shoe Mfg. Company"—

under the contract; that the mayor and city council voted to enter into a contract, and on June 11, 1940, the mayor and the city clerk were authorized to sign the same on behalf of the city, and the contract was duly executed by the company. The arrangement attempted to be made on behalf of the plaintiff with the company was beyond the power of the city, and for that reason illegal and void, therefore not in any legal sense a contract. This court so held in a case decided in 1936, *Wendlandt v. Hartford Accident & Indemnity Co.* 222 Wis. 204, 268 N. W. 230.

We may as well at this point dispose of the contention made by the defendants that the action is barred by sec. 66.13, Stats. 1939, which provides:

"Whenever the proper officers of any city or village, however, incorporated, enter into any contract in manner and form as prescribed by statute, and either party to such contract has procured or furnished materials or expended money under the terms of such contract, no action or proceedings shall be maintained to test the validity of any such contract unless such action or proceedings shall be commenced within sixty days after the date of the signing of such contract."

Admittedly this action was not begun within sixty days' period. However, it is clear from the statute that it refers to a contract which the municipality has power to enter into. Having no power to enter into the so-called contract of the 11th day of June, 1940, the statute has no application. What was done in that regard did not result in the creation of a contract.

It is urged in the brief of the appellants that the city cannot maintain this action on its own behalf but that the action can be maintained only by a taxpayer on behalf of himself and others similarly situated. It would be a curious condition of affairs if a taxpayer could bring a suit for the benefit of the

city which the city could not maintain in its own behalf. One of the conditions imposed by equity for the maintenance of such an action is that a demand has been made upon the municipality to prosecute the action and such demand has been refused or that the circumstances are such that a demand would be futile. The contention of the defendants on this ground cannot be sustained.

It is alleged in the complaint that the defendants Froede, George Frank, and Gordon A. Frank are stockholders of the defendant corporation; that George Frank is its president and Fred Froede its secretary. The allegation is that the defendants—

"confederated together and entered into a conspiracy to induce the mayor and city council of the plaintiff to pay over and deliver to said Frank Shoe Mfg. Company a large sum of money"—

and in furtherance of said conspiracy the defendants falsely represented to the mayor and city council of the city of Kiel that the Frank Shoe Manufacturing Company was a successful, prosperous, and growing shoe-manufacturing company; that its business was constantly increasing and that its annual pay roll was upwards of $50,000, aside from the amount paid to its officers and office employees; that it was experiencing labor trouble in the city of Milwaukee and decided to leave the city of Milwaukee on account of labor trouble; that each and all of said representations were false and were made in furtherance of the conspiracy to induce the mayor and city council of said city to pay a large sum of money; that relying upon said representations the plaintiff paid to the defendant company the sum of $12,000.

It requires no argument to show that the complaint states a cause of action against each of the defendants.

*By the Court.*—Order affirmed.