Fairchild, J.
 

 It appears from the complaint that certain officials of the respondent city attempted to agree to buy real estate controlled by the appellant company. Part of the consideration was to be the payment of the purchase price of the real estate to the owners of the land.
 

 Some payments were made and warranty deeds given to the city. The city is seeking no relief against the grantors of the options. It is not attempting to recover the purchase price from them. The cause of action is for the recovery of moneys illegally paid to an agent and by him delivered to his principal. The title to the land is of no importance here except in' connection with the enforcement of the money judgments. Therefore, as the grantors of the option are not necessary party defendants, the demurrer on that ground was properly overruled. The complaint alleges delivery of the deeds to the
 
 *360
 
 officers of the city, payment tO’ the owners, and the execution of quitclaim deeds by the mayor and city clerk conveying the lands to the appellant company, such deeds to be held by the clerk of court and delivered to appellant upon payment of the judgment. These allegations are sufficient for the purpose of presenting the issue. The allegation that the city and common council “have never accepted the conveyances of lands . . . nor has the city made any use of the lands,” when considered in its context is not an allegation of lack of title but of the lack of any act which could be construed as ratification or acceptance of the transaction between the appellant and certain officers of the city.
 

 Charles W. Finnegan has interposed a demurrer to the complaint on the grounds that it does not state facts sufficient to state a cause of action against Finnegan, personally. The complaint alleges that the agreement was made by Finnegan as officer and agent of the corporation; that the cash was paid to him at a late hour and under circumstances suggesting haste and secrecy; and that Finnegan knew that the payments were illegal. These are allegations of fact showing a cause of action against Finnegan. The allegation that Finnegan knew the payments were illegal amounts to an allegation that he was aware of all the facts and circumstances surrounding the transaction. This, under the matters set forth, is a conclusion of fact and admitted on demurrer.
 

 If Finnegan so acted that he must be held to know the facts surrounding the irregularity of the passage of the resolution and the lack of authority of the officers of the city to deal with him, he is a proper defendant in this action and is liable as an agent of the corporation. An agent, who knows that his principal is not entitled to funds received by him for such principal from a third person, is under a duty to return them to the one rightfully entitled thereto. 2 Am. Jur. p. 264, sec. 336. See also
 
 Kiel v. Frank Shoe Mfg. Co.
 
 240 Wis. 594, 4 N. W. (2d) 117.
 

 By the Court.
 
 — Order affirmed.