HERMANN and wife, Appellants, vs. CITY OF LAKE MILLS and others, Respondents.

*March 8—April 9, 1957.*

For the appellants there were briefs and oral argument by *Robert Hartman* of Juneau, and *Horace W. Wilkie* of Madison.

For the respondents there was a brief and oral argument by *H. A. Schmidt,* city attorney.

CURRIE, J. The city having decided that the parcel in question was no longer needed for park purposes, secs. 62.22 (1) and 62.23 (17) (b), Stats., authorized it to make sale of such property. In making sale of such parcel, the council was not required to solicit bids and sell to the highest bidder, and, therefore, necessarily is vested with considerable discretion in the matter.

The defendants contend that, if the council acted in good faith in making the instant sale to the corporation in the belief that this was in the best interests of the city, such exercise of discretion is beyond the power of the courts to dis-

turb. Inasmuch as such good faith of the council was asserted in defendants' affidavits in support of their motion for summary judgment, and not negatived by any counter-affidavits or other proof of the plaintiffs, we must assume the same as a verity upon this appeal. *Laughnan v. Griffiths* (1955), 271 Wis. 247, 251, 73 N. W. (2d) 587. While proof that the council acted in bad faith in making the sale would be sufficient to establish the plaintiffs' cause of action, it does not necessarily follow that the converse of this is true, and that plaintiffs have failed to make out a case when it appears that the council acted in good faith.

This brings us to the crucial question on this appeal, viz., what are the grounds upon which taxpayers of a city may successfully attack a sale of municipal property authorized by vote of the common council? We deem the proper answer to be that the plaintiff taxpayers must establish illegality, fraud, or clear abuse of discretion on the part of the governing board of the municipality, which has authorized the sale, before a court will void the sale. *Quackenbush v. Cheyenne* (1937), 52 Wyo. 146, 70 Pac. (2d) 577; *Schatz v. New England* (N. Dak. 1953), 61 N. W. (2d) 423, 428; 64 C. J. S., Municipal Corporations, p. 958, sec. 2142; and 18 McQuillin, Municipal Corporations (3d ed.), p. 103, sec. 52.38.

It is the plaintiffs' contention in the instant action that the common council of the defendant city in effect made a gift of part of the value of the property it authorized be sold to the corporation, the underlying motive being to promote the industrial growth of the city. If on a trial had on the merits this should be established by proof, then there was a clear abuse of discretion on the part of the council which would require voiding of the sale. The law is well established in this state that a city or village may not make a gift of municipal property to an industrial corporation for the purpose of aiding the industrial growth of the community. *Kiel v. Frank Shoe Mfg. Co.* (1942), 240 Wis. 594,

4 N. W. (2d) 117, and *Suring v. Suring State Bank* (1926), 189 Wis. 400, 207 N. W. 944. It necessarily follows that a transfer of municipal property to a manufacturing corporation in return for a payment representing only part of the fair market value of the property, which is knowingly made for the purpose of promoting industrial expansion, is equally beyond the power of the municipality.

However, the consideration to be received by a municipality necessary to support a sale of municipal property does not have to be money. This is well illustrated by the case of *Schatz v. New England, supra*. There only part of the consideration the city was to receive from the public-utility corporation, to whom the city agreed to sell its electric public-utility property, was money, and the other part consisted of an agreement of the purchaser to extend its natural-gas mains to the city and construct a natural-gas distribution system within the city. Such sale was upheld by the North Dakota court against attack in a taxpayers' suit. In its opinion the court stated (61 N. W. (2d) at p. 428) :

". . . the question of the value to the city of the extension of gas service thereto is one which was peculiarly within the knowledge of the municipal authorities and the electorate."

A somewhat parallel situation was before this court in *Gilman v. Northern States Power Co.* (1943), 242 Wis. 130, 7 N. W. (2d) 606, but there a decision on the merits was avoided by grounding the result upon the statute of limitations.

If in the instant case the affidavits in support of defendants' motion for summary judgment had disclosed a binding commitment on the part of the purchaser corporation to devote a portion of the purchased parcel to the continuance of a municipal parking lot, we would have no hesitancy in affirming the judgment below. However, such affidavits

clearly show that no such binding commitment was obtained. Thus the purchaser at any time legally could devote the parking area to some other purpose. Furthermore, it is apparent from these affidavits that the purchaser did not intend to extend parking privileges to the general public but only to its own employees. To provide parking space for the employees of a specific industry and not the general public serves a private rather than a public purpose. We, therefore, do not consider that the facts of the instant case bring it within the rule of the *Schatz v. New England Case.*

The defendants urge that the allegations of the complaint are not sufficient to allege that the parcel being sold had a greater value than the $4,500 purchase price for which it is proposed to transfer it to the corporation. The allegations relied upon by plaintiffs to establish a greater value are: (1) Original cost plus improvements of $7,579.44; (2) the Seward appraisal of $8,000; and (3) the plaintiffs' own offer to purchase in the sum of $7,500. There can be no doubt that such allegations were intended for the purpose of alleging that the parcel had a greater value than the agreed purchase price of the sale under attack. If defendants deemed that such allegations failed to allege such greater value, then they should have entered a general demurrer. As was pointed out in *Fredrickson v. Kabat* (1951), 260 Wis. 201, 203, 50 N. W. (2d) 381, a motion for summary judgment is not a substitute for a demurrer and may not be used for such purpose. This is because where a demurrer is sustained the plaintiff, except in exceptional situations not necessary to be considered here, is given an opportunity to plead over, which right is denied when a summary judgment dismissing the complaint on the merits is entered. If plaintiffs' complaint is defective in the respect urged, it is because evidentiary facts tending to bear on value were pleaded instead of alleging the ultimate fact that the fair market value of the parcel greatly exceeded $4,500. These allegations of the

complaint as to value were not negatived by defendants' affidavits.

The brief of defendants cite the recent cases of *Kranjec v. West Allis* (1954), 267 Wis. 430, 66 N. W. (2d) 178, and *Smith v. Wisconsin Rapids* (1956), 273 Wis. 58, 76 N. W. (2d) 595. However, these decisions dealt with the power of municipal authorities to lease municipal real estate and not with any issue of the adequacy of the consideration agreed to be paid by the lessees.

It is our considered judgment that there is at least one contested material issue of fact to be litigated which made it error to enter summary judgment. This is the issue of determining the fair market value of the parcel being sold. Mere inadequacy of the sales price is not sufficient ground in itself to void a sale of municipal property, but it does have a bearing on the issue of abuse of discretion on the part of the common council in voting authorization of the sale.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.