In re Liquidation of La Crosse Sand & Gravel Company: Marshall & Ilsley Bank, Executor, Appellant, vs. Roraff, Receiver, Respondent.*

*January 6—February 4, 1958.*

* Motion for rehearing denied, with $25 costs, on April 8, 1958.

For the appellant there was a brief by *Edwards & Hafner* of La Crosse, and oral argument by *Roger W. Hafner*.

For the respondent there was a brief by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Leonard F. Roraff*.

BROADFOOT, J. In its memorandum decision the trial court stated that no grounds for reformation of the contract existed as a matter of law and therefore the claimant was entitled to no relief. The affidavit of the receiver in no way negatived the material allegations of the complaint. It did not deny that Meyer had mortgaged the property to the First Credit Corporation of La Crosse; that he represented that he was the lawful owner thereof; that the proceeds were used for the benefit of the corporation; and that the funds in addition to those used to pay the chattel mortgage to the finance company were turned over to the corporation. Nor did the affidavit explain how Roraff as executor of the estate could sell the corporate property. Mere denials of the material allegations in the complaint would not have been sufficient. To entitle the receiver to summary judgment it was his burden to show by evidentiary facts, including docu-

ments, that his denials or defenses are sufficient to defeat the claimant. He has failed to do so.

It is apparent that there are questions of fact to be determined. The first fact to be determined is whether Meyer owned the property or whether the corporation owned it. From the record before us it is impossible to determine who did own the equipment described in the mortgage. Klein was in the insurance business. In connection with his adverse examination the receiver submitted certain exhibits which were insurance policies and invoices for insurance policies issued by Klein to the corporation. The receiver contends that this establishes the fact that the equipment was owned by the corporation and that Klein had knowledge thereof. The policies and invoices do not so show. The policies were workmen's compensation policies and the invoices were for insurance of a dredge in the name of the corporation. That dredge is not described in the chattel mortgage and we cannot determine from the record that the equipment described in the chattel mortgage was insured in the name of the corporation.

It must also be determined whether or not the proceeds of the loan from Klein were used for the benefit of the corporation. If the equipment was actually owned by the corporation and the proceeds were used to redeem its property and for the benefit of the corporation in other ways, the question of whether the claimant is entitled to equitable relief by way of subrogation or restitution on the theory of unjust enrichment might then arise. A determination of the facts might give rise to an estoppel on the part of the corporation to deny that Meyer had the right to pledge the equipment for a loan. Fair consideration of the question of reformation cannot be determined from the record submitted. If the mortgaged equipment actually belonged to Meyer the question of reformation will drop out of the case. If it develops that the mortgaged equipment was owned by the corporation

it may well be that both Meyer and Klein were mutually mistaken in thinking that the equipment belonged to Meyer.

The receiver further contends that he is entitled to summary judgment because the claimant filed no counteraffidavits in opposition to the motion. In the case of *Hermann v. Lake Mills,* 275 Wis. 537, 82 N. W. (2d) 167, the plaintiffs filed no affidavits in opposition to a motion for summary judgment. In that case by resort to the pleadings we held that there was at least one contested material issue of fact to be litigated which made it error to enter a summary judgment. That is true in this case.

The receiver further contends that by filing a claim against the estate of Edwin B. Meyer, deceased, Klein ratified the note and mortgage as made, and therefore would have no right to reformation. We cannot agree. The last date for filing claims against the estate does not appear in the record. However, the claimant was under the necessity of filing his claim in the estate as well as in the liquidation proceeding or be barred. If he exhausted his remedy in one court it would be too late for him to file a claim in the other proceeding. The claims were against separate parties and we see nothing inconsistent in that regard.

Under all the circumstances we believe material issues of fact are presented by the record that must be tried before legal and equitable principles can be applied and a proper result reached.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings consistent with this opinion.