JOHN S. MCCABE, District Attorney Florence Countyr
You have requested my opinion on several questions regarding the authority of the county to reserve and convey mineral rights.
You first ask whether gravel is considered a mineral under state law. Gravel, as well as sand and stone, is a mineral. Whether they constitute minerals within the meaning of state law depends on the state statute in question. The State Metallic Mining Reclamation Act (secs. 144.80 to 144.94, Stats.), for example, specifically excludes sand, gravel and stone from the definition of the term "minerals." If they are not specifically excluded, then under the rule of statutory construction prescribed in sec. 990.01 (1), they would be included within the meaning of the word "minerals."
You state in the sale of county lands, much of which was acquired through the nonpayment of taxes, the county had been reserving *Page 237 
mineral rights, and that it is now releasing a fifty percent interest in those mineral rights to the present owners. You ask whether the county, for the purpose of encouraging exploration, may grant a fifty percent interest in mineral rights without consideration.
General authority to reserve and separately transfer mineral rights is found in sec. 59.07 (1)(c). Under this same subsection county property may be sold or conveyed on such terms as the county board approves.
Counties may only exercise those powers granted to them by the Legislature. State ex rel. Conway v. Elvod, 70 Wis.2d 448,234 N.W.2d 354 (1975). Under sec. 59.07 (1)(c) counties may make gifts of lands to the United States, the state, any other county, municipality or school district. There is no authority to make a gift of lands or interests in lands to private persons, and such authority, if it existed, would probably be unconstitutional. In my opinion the possible encouragement of mineral exploration does not constitute legal consideration to the county for the release.
Specifically, in respect to retained mineral interests in lands acquired through the nonpayment of taxes. I direct your attention to sec. 75.68. This section provides that counties may sell lands acquired through the nonpayment of taxes if not needed for a public purpose. The term "lands" includes interests in lands such as mineral rights. Sec. 990.01 (18).
The sale of these (tax deed) "lands" is subject to the procedures of sec. 75.69 which requires that the "lands" be appraised and publicly sold.
In conclusion, it is my opinion that county mineral rights cannot be given away. Further, in the sale of mineral rights which were retained in lands acquired by tax deed or certificate, the sale must follow the procedures of sec. 75.69.
BCL:CAB *Page 238