Hilary J. RATH, Lois M. Clarksen, Alex Flemal, Francis Bonfigt, Patricia A. Laurin and Julia Pillasch, Plaintiffs-Appellants,

Delores CARRON, D.A. Kuljis, M.D., and Reuben G. Plantico, Plaintiffs,

v.

TWO RIVERS COMMUNITY HOSPITAL, INC., a Wisconsin non-profit corporation, Defendant-Respondent.

CITY OF TWO RIVERS, a Wisconsin municipal corporation, Defendant.

Court of Appeals

*No. 90–1419. Submitted on briefs December 11, 1990.—Decided February 13, 1991.*

(Also reported in 467 N.W.2d 150.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Arden A. Muchin* and *John M. Bruce* of *Muchin, Muchin & Bruce, S.C.* of Manitowoc.

On behalf of defendant-respondent, the cause was submitted on the brief of *Jon M. Counsell* and *Gregory B. Conway* of *Liebmann, Conway, Olejniczak & Jerry, S.C.* of Green Bay.

Before Nettesheim, P.J., Scott and Anderson, JJ.

ANDERSON, J.   Several taxpayers appeal from a summary judgment in favor of Two Rivers Community Hospital, Inc. (TRCH) and the City of Two Rivers (city). The taxpayers seek to avoid the conveyance of a

hospital and its equipment from the city to TRCH. The taxpayers raise three issues on appeal: (1) whether the conveyance is void because the city plan commission was not consulted pursuant to sec. 62.23(5), Stats.; (2) whether the restrictions contained in the warranty deed adequately protect the public purpose; and (3) whether consideration for the conveyance was necessary and adequate. We affirm the trial court on each issue.

TRCH is a Wisconsin nonprofit, nonstock corporation. The property at issue consists of a hospital, nursing home and equipment formerly owned by the city. The property was leased to and operated by TRCH for several years. Under this arrangement, however, the hospital was running a deficit each year. In order to assure health care services for the community, the city council unanimously resolved to sell the property to TRCH. The property and equipment were valued at $5,222,253. The property was conveyed by warranty deed. No monetary consideration was given for the conveyance of the property, although the conveyance was labeled a sale. The city council did not consult the city plan commission pursuant to sec. 62.23(5), Stats.

The city council resolution authorizing the conveyance stated that the property would revert to the city if the property is not used for medical-related services. The warranty deed contained the following restriction:

> Provided, that the Grantee, its successors or assigns, will use, or permit use of the above described premises, and improvements thereon, only in the furtherance of the lawful corporate purposes of the Grantee as set forth in the Grantee's articles of incorporation . . ..
>
> If the premises are not used as set forth above, and such non-permitted use or non-use continues for a period in excess of twelve (12) months, then and in

that event, the premises shall be transferred to the City of Two Rivers, as set forth . . . in the grantee's Articles of Incorporation.[1]

The deed transferring the equipment did not have a similar clause.

In granting the summary judgment motion for TRCH and the city, the trial court found that the above facts were undisputed. The trial court stated that the doctrine of *ejusdem generis* led to the conclusion that "other . . . public grounds" in sec. 62.23(5), Stats., does not include hospitals. Thus, the sale was not void for failure to follow sec. 62.23(5) because the section did not apply.

The trial court concluded that sec. 66.501, Stats., did not apply because that section is limited to authoriz-

---

[1]TRCH's articles of incorporation describe its corporate purposes as follows:

> The purposes for which this corporation is organized and shall be operated are exclusively charitable, educational and scientific, to establish and operate a hospital or hospitals, general, special, educational or otherwise, extended care facilities, clinics, and any other type of organization designed to minister to and meet the health care and treatment and health education needs of the general public, including research programs, educational and training programs for doctors, nurses, and allied health personnel, and to engage in any lawful activity within the purposes for which a corporation may be organized under the Wisconsin Nonstock Corporation Law which will further the accomplishment of the foregoing purposes.

TRCH's articles of incorporation set forth the manner in which the real property is to be transferred to the city in the event the restrictive clause in the warranty deed takes effect. The articles state:

> Upon dissolution of the corporation, all assets remaining after payment or satisfaction of all the just debts of the corporation shall be transferred to the City of Two Rivers to be used by said city solely and exclusively for such purposes as are set forth herein.

ing cities to enter into lease agreements with nonprofit corporations for the purpose of acquiring, expanding and financing local hospital facilities. Because the present factual situation is different, the trial court concluded that sec. 66.501 did not apply.

The trial court held that the issue of whether there was adequate consideration was made moot by sec. 62.22(2), Stats. The trial court stated that the only consideration required by sec. 62.22(2) is the requirement to use the conveyed property for a public purpose. The consideration requirement was met because the warranty deed limits the use of the hospital for health care services for the community. The trial court concluded that the public purpose doctrine was adequately protected by the restriction in the warranty deed.

In order for the court to avoid the sale, the taxpayers must establish illegality, fraud or clear abuse of discretion on the part of the city. *Hermann v. City of Lake Mills,* 275 Wis. 537, 541, 82 N.W.2d 167, 170 (1957). In this case, whether the city acted illegally depends on the application of undisputed facts to statutory provisions. This situation creates a question of law which the appellate court reviews independently. *Park Bank-West v. Mueller,* 151 Wis. 2d 476, 482, 444 N.W.2d 754, 757 (Ct. App. 1989).

The first issue is whether sec. 62.23(5), Stats., applies to this case.[2] Hospitals or other health care facil-

---

[2]Section 62.23(5), Stats., provides:

The council, or other public body or officer of the city having final authority thereon, shall refer to the city plan commission, for its consideration and report before final action is taken by the council, public body or officer, the following matters: The location and architectural design of any public building; the location of any statue or

ities are not specifically enumerated in the statute. In order to interpret sec. 62.23(5), it is appropriate to apply the rule of *ejusdem generis*. Under this rule, where the general term such as "other . . . public grounds" is preceded by a series of specific terms, the general term is viewed as being limited to items of the same type or nature as those specifically enumerated. *See State v. Campbell*, 102 Wis. 2d 243, 246, 306 N.W.2d 272, 273 (Ct. App. 1981). The rule requires that the specific terms must have a common element defining the class to which the general term is to be restricted. *Id.* at 247, 306 N.W.2d at 274.

The words at issue are "[t]he council . . . shall refer to the city plan commission . . . the following matters: The . . . sale . . . of land for any street, alley or other public way, park, playground, airport, area for parking vehicles, or other memorial or public grounds . . .." Section 62.23(5), Stats. The common element of the specific terms is that the terms concern *land* that is to be used for *transportation* or *recreation*. The use of land for transportation or recreation requires comprehensive and

other memorial; the location, acceptance, extension, alteration, vacation, abandonment, change of use, sale, acquisition of land for or lease of land for any street, alley or other public way, park, playground, airport, area for parking vehicles, *or other* memorial or *public grounds;* the location, extension, abandonment or authorization for any public utility whether publicly or privately owned; all plats of lands in the city or within the territory over which the city is given platting jurisdiction by ch. 236; the location, character and extent or acquisition, leasing or sale of lands for public or semipublic housing, slum clearance, relief of congestion, or vacation camps for children; and the amendment or repeal of any ordinance adopted pursuant to this section. Unless such report is made within 30 days, or such longer period as may be stipulated by the common council, the council or other public body or officer, may take final action without it. [Emphasis added.]

860

advanced planning in order to assure that such land works in harmony with other aspects of the city. For example, the placement of streets and parks is crucial to the harmonious nature of the city's master plan. Referral to the city plan commission for decisions affecting land for transportation and recreation is crucial in order to make the city's master plan coordinated, comprehensive and harmonious. *See* sec. 62.23(3)(a). Therefore, "other public grounds" cannot be construed to include hospitals because hospitals are significantly different than the preceding specific terms relating to transportation and recreation. Decisions affecting hospitals do not invoke the same type of coordinated planning as do decisions concerning land for transportation and recreation.

The taxpayers assert that the only common element between the specific terms is that they concern publicly owned real property. Because the hospital is publicly owned real property, the conveyance at issue falls within the scope of sec. 62.23(5), Stats. By construing "other . . . public grounds" as the taxpayers request, the general phrase would include any publicly owned real property regardless of its character or relationship to other aspects of the city that require comprehensive planning. The result would be that any action taken by a city council concerning any real property would have to be referred to the city plan commission. The enumeration of the specific terms preceding "other . . . public grounds" becomes superfluous. The application of *ejusdem generis* works to avoid words in a statute from becoming superfluous. *State v. Engler,* 80 Wis. 2d 402, 408, 259 N.W.2d 97, 100 (1977).[3]

---

[3]The taxpayers argue that *Scanlon v. City of Menasha,* 16 Wis. 2d 437, 114 N.W.2d 791 (1962), mandates that the city's resolution be submitted to the city plan commission. In *Scanlon,*

The second issue is whether the restrictions placed in the warranty deed are adequate to guarantee the use of the property for a public purpose. The public purpose doctrine is well established in Wisconsin. Public funds may be expended only for public purposes. *Hopper v. City of Madison,* 79 Wis. 2d 120, 128, 256 N.W.2d 139, 142 (1977). The public purpose doctrine applies to municipalities. *Id.* Expending public funds to assure adequate health care services is within the public interest. *See State ex rel. Warren v. Reuter,* 44 Wis. 2d 201, 214, 170 N.W.2d 790, 795 (1969). However, a private entity subsequently using the property for a direct benefit to a private industry with only a remote benefit to the public would render the transfer abhorrent to the Wisconsin Constitution. *See State ex rel. Bowman v. Barczak,* 34 Wis. 2d 57, 69, 148 N.W.2d 683, 688 (1967). Thus, safeguards are required. *See Reuter,* 44 Wis. 2d at 215–16, 170 N.W.2d at 796; *see also Hermann,* 275 Wis. at 542–43, 82 N.W.2d at 171.

The safeguards contained in the warranty deed are adequate. The only safeguards required are those safeguards reasonably necessary under the circumstances to attain the public purpose. *See Reuter,* 44 Wis. 2d at 216, 170 N.W.2d at 796. The warranty deed clearly provides that the hospital will revert back to the city if it is not used for health care needs of the community.

---

the supreme court assumed for its analysis that the city property fell within the scope of sec. 62.23(5), Stats. *Scanlon,* 16 Wis. 2d at 441, 114 N.W.2d at 794. If the property does not fall within the scope of the section, then the requirement of the section is inapplicable. Because hospitals do not fall within the scope of sec. 62.23(5), the rule in *Scanlon* does not apply.

The taxpayers contend that the wording is too broad and can lead to a host of hypothetical alternative services which would not serve the public purpose of providing health care services to the community, but are nevertheless allowed under TRCH's articles of incorporation. The taxpayers also contend that in the event the facilities would revert to the city, the transfer would be conditioned on TRCH's dissolution and the property would be subject to payment of TRCH's debts. The result would be to prevent the hospital from continuing to provide health-related services.

■■

The hypothetical situation where the public benefit becomes remote, or the situation where TRCH becomes insolvent and the hospital is sold to satisfy various debts, is not before us. This case simply involves a sale of a hospital. Nothing in the record indicates that it is operating other than for a public purpose. We cannot determine at this point whether TRCH will maintain the hospital for a public purpose in the future. *See Barczak,* 34 Wis. 2d at 68–69, 148 N.W.2d at 687–88. Even though the powers of TRCH are broad and extensive, the possibility of illegal operation does not of itself condemn the city's action. *See id.* at 69, 148 N.W.2d at 688. Furthermore, it is established that if a public purpose can be conceived which might rationally be deemed to justify the act, the courts are not in a position to weigh the wisdom of the city council. *See State ex rel. Zillmer v. Kreutzberg,* 114 Wis. 530, 549, 90 N.W. 1098, 1105 (1902).[4] Thus, we conclude that based on the facts before

---

[4]Because our holding is limited to the sale and current use of the facility, this lawsuit may provide little comfort to TRCH and the city if the actual use of the facility provides only a remote benefit to the public. *See State ex rel. Bowman v. Barczak,* 34 Wis. 2d 57, 69, 148 N.W.2d 683, 688 (1967).

us, the public purpose is adequately protected.[5]

The final issue is whether consideration for the transfer was necessary, and if so, whether the consideration was adequate. Section 62.22(2), Stats., allows a city to donate property to a nonprofit corporation. Section 66.501(1)(a), Stats., specifically addresses hospitals, and gives the city the power to sell any land or existing building to a nonprofit corporation.[6] The taxpayers argue that because sec. 66.501 specifically addresses hospitals, it controls over the more general statute, sec. 62.22(2). They further argue that because sec. 66.501(1)(a) uses the word "sell," consideration is required. The taxpayers contend that there was no con-

---

[5]The building and equipment within the building were conveyed by separate instruments, but the restrictive language was contained only in the warranty deed conveying the real property. Because the building and equipment are interdependent in providing health care services, however, the restrictive language in the real property warranty deed is adequate to assure the continued use of the equipment for a public purpose.

[6]The relevant portion of sec. 66.501, Stats., provides:

(1) POWERS AND DUTIES OF GOVERNING BODY. For the purpose of providing adequate hospital facilities in the state of Wisconsin to serve cities and villages and inhabitants thereof and the hospital service area, and all lands, buildings, improvements, facilities or equipment or other capital items necessary or desirable in connection therewith and the ultimate acquisition thereof by the city or village, for the acquisition of lands for future hospital development, and to refinance indebtedness previously or hereafter created by a nonprofit corporation for the purpose of acquiring lands or providing hospital buildings or additions or improvements thereto, or for any one or more of said purposes, the governing body of any city or village shall have the following powers:

(a) Without limitation by any other statute, to sell and convey title to a nonprofit corporation any land and any existing buildings thereon owned by the city or village for such consideration and upon such terms and conditions as in the judgment of the governing body of the city or village are in the public interest.

sideration for the conveyance, and thus, the conveyance should be declared void. We conclude that under either statute, there was adequate consideration.

Both secs. 62.22(2) and 66.501, Stats., give the city the power to sell property to a nonprofit corporation as long as the sale furthers the public interest or a public purpose. Furthermore, consideration does not have to be monetary. *Hermann,* 275 Wis. at 542, 82 N.W.2d at 170.

It is undisputed that a legitimate public purpose is assuring adequate health care services to the community. *Reuter,* 44 Wis. 2d at 214, 170 N.W.2d at 795. The restrictive language in the warranty deed creates a binding commitment to use the property for a public purpose. If this commitment is unfulfilled, the property will revert back to the city. A binding commitment is adequate consideration. *See Hermann,* 275 Wis. at 542-43, 82 N.W.2d at 170-71. Because we have already concluded that the restrictive language contained in the warranty deed is adequate to protect the public purpose, we conclude that the restrictive language is adequate consideration. Thus, the city did not abuse its discretion in establishing the terms of the consideration. *See id.* at 541, 82 N.W.2d at 170.

*By the Court.*—Judgment affirmed.