WALTER KUNICKI, Chairperson Assembly Organization Committee
The Assembly Committee on Organization (Committee) has requested my formal opinion on the question of whether a county may "make a gift of county-owned property to . . . [a] private corporation in return for the company's agreement to construct a plant and commence operations on the property."
The Committee's question asks whether the county may make a "gift" of land to a private corporation, but then qualifies this by stating that the conveyance is in exchange for a promise to construct a plant and begin operations on the property. In addition, the materials transmitted with the request ("transmittal") suggest that there may be other consideration for the conveyance, but do not specify what that consideration is. The Committee's question is thus twofold, involving the authority of a county to make a gift and the question of the adequacy of consideration for a specific conveyance of land.
In my opinion, the county may not make a gift of land to a private corporation. The answer to the question of the adequacy of consideration for the county's conveyance of land is legally difficult and depends, obviously, upon the specific facts.
I will first consider the county's authority to make a gift of real property to a private corporation.
The powers of the county as a body corporate are exercised by the county board. Sec. 59.02(1), Stats. The powers of a county board are limited. A "`county board has only such *Page 342 
powers as are expressly conferred upon it or necessarily implied from the powers expressly given or from the nature of the grant of power.' . . . Stated otherwise: `counties are creatures of the Legislature and their powers must be exercised within the scope of authority ceded to them by the state. . . .'" St. ex rel.Teunas v. Kenosha County, 142 Wis.2d 498, 504, 418 N.W.2d 833
(1988) (citations omitted).
Under section 59.01(1), Stats., counties may "acquire . . . real and personal estate for public uses or purposes . . . [and] sell, lease and convey the same." Under section 59.07(1)(a) counties can acquire land "for public uses or purposes of any nature, including without limitation acquisitions for county buildings, airports, parks, recreation, highways, dam sites in parks, parkways and playgrounds." Section 59.07(1)(a) provides that the county board may acquire property for public purposes and section 59.07(1)(c) provides in part that the county board may:
 Direct the clerk to lease, sell or convey or contract to sell or convey any county property, not donated and required to be held for a special purpose, on such terms as the board approves. In addition any county property may, by gift or otherwise, be leased, rented or transferred to the United States, the state, any other county within the state or any municipality or school district within the county.
The statutes provide for county industrial development in sections 59.07(75) and 59.071. Under section 59.07(75)(a), the county board may
 appropriate money for and create a county industrial development agency or to any nonprofit agency organized to engage or engaging in activities described in this paragraph, appoint an executive officer and provide a staff and facilities to promote and develop the resources of the county and of its component towns and municipalities. To this end the agency may, without restriction because of enumeration, develop data regarding the industrial needs, advantages and sites in the county, acquaint the purchaser *Page 343 
with the products of the county by promotional activities, coordinate its work with that of the county planning commission, the department of development and private credit development corporations and to do all things necessary to provide for the continued improvement of the industrial climate of the county.
Under section 59.071, a county board may form a county industrial development agency. Such an agency is a separate public instrumentality and body corporate and politic which exercises the powers under that section. Sec. 59.071(4)(d), Stats. Since the Committee's transmittal makes no mention of the involvement of a county industrial development agency, I limit my discussion to the powers of the county as exercised by the county board.
The above statutes provide no authority for a county board to give land to a private industry. On the contrary, county gifts of land are limited to certain governmental units. Sec. 59.07(1)(c), Stats. A review of the statutes shows no other authority, express or implied, for a county board to give land to a private industry. Accordingly, in light of counties' limited powers, St.ex rel. Teunas, it is my opinion that a county board may not give land to a private industry. See also 67 Op. Att'y Gen. 236 (1978) (county has no authority to give land to private persons).
The next question involves the adequacy of the consideration given to the county for the conveyance of land. Although a county may not make a gift of property to a private corporation, it may, under section 59.07(1)(c), convey property upon such terms as the county board approves. Consideration for a conveyance need not be monetary. Hermann v. Lake Mills, 275 Wis. 537, 82 N.W.2d 167
(1957); Rath v. Two Rivers Community Hosp., 160 Wis.2d 853,467 N.W.2d 150 (Ct.App. 1991).
The materials that the Committee sent indicate that the value of the property conveyed is approximately $390,000. The Committee's transmittal indicates that the company has agreed *Page 344 
to locate on the land owned by the county in the industrial park and construct a factory. There is also reference to possible other, unspecified, consideration.
A decision as to the adequacy of the consideration would require a full inquiry into the facts surrounding the transfer. The published criteria for the issuance of attorney general opinions indicate that opinions should not be issued when there are factual disputes to be resolved, because the attorney general does not have the authority to determine questions of fact. 77 Op. Att'y Gen. Preface (1988). Such factual issues are best resolved in litigation in which there is an orderly presentation of evidence and cross-examination of witnesses.
The Committee's request asks for my opinion on the validity of an agreement, which, the materials show, has already been executed. Indeed, I have received information indicating that construction of the plant is under way. The factual background concerning the consideration for the county's conveyance of land to the private industry is incomplete and subject to dispute.
In light of the above, I find that I cannot answer the question of the adequacy of the consideration. However, I will offer some general comments in recognition of the fact that the scope of allowable economic development activity under the case law is a controversial area which the Legislature may wish to address.
The case law does not provide clear guidelines to governmental subdivisions concerning the bounds of proper economic development activity. In general, under the constitutional tenet known as the public purpose doctrine, state and local units of government can spend public moneys only for public, rather than private, purposes. Hopper v. Madison, 79 Wis.2d 120, 128, 256 N.W.2d 139
(1977). The courts in the older case law prohibit subsidization of private enterprise for economic development by local governmental units. See Kiel v. Frank Shoe Mfg. Co., 240 Wis. 594,4 N.W.2d 117 (1942) (city cannot give industry cash, free rent and forgiveness of taxes as *Page 345 
inducement to locate in city); and Hermann, 275 Wis. 537 (city cannot make gift of municipal property to a private industry, by selling below market value, to promote industrial expansion).
More recent authority has stressed the evolving nature of the public purpose doctrine. In State ex rel. Hammermill Paper Co. v.La Plante, 58 Wis.2d 32, 55-56, 205 N.W.2d 784 (1973), the court noted that: "Public purpose is not a static concept. The trend of both legislative enactments and judicial decisions is to extend the concept of public purposes in considering the demands upon municipal governments to provide for the needs of the citizens."See also 76 Op. Att'y Gen. 169, 172 (1987). It is not clear, though, whether the law has changed since the Hermann decision (which has not been explicitly overruled) to the extent that a county board may convey property to a private corporation in exchange for an agreement to build and operate a plant within the county.
In Rath, 160 Wis.2d 853, the most recent public purpose doctrine case, a city-owned hospital valued at over $5 million was conveyed at no cost to a nonprofit corporation. The sole consideration was a deed restriction providing that the hospital would revert to the city if it ceased to be used as a medical facility. The court in Rath observed that two applicable statutes allow the city to convey property to a nonprofit corporation for public purposes. Section 62.22(2) provides that a city may donate property to a nonprofit corporation for public purposes. Similarly, section 66.501(1)(a) allows a city to sell a hospital to a nonprofit corporation "for such consideration and upon such terms and conditions as in the judgment of the governing body of the city or village are in the public interest." The court noted that consideration need not be monetary, citing Hermann,275 Wis. at 542, and concluded that, under both statutes, the restrictive language in the deed provided adequate consideration. Rath,160 Wis.2d at 865.
It is not clear how far a court would go in applying Rath to the facts presented by the Committee. Although there are *Page 346 
similarities, in that both situations involve the conveyance of land in exchange for a promise that a desired activity will be carried out, there are significant differences. Rath involved the interpretation of specific statutes relating to conveyances to nonprofit corporations and the provision of health care to the community. These facts distinguish the consideration in Rath from the general economic benefits to the community envisioned by an economic development plan such as that under consideration here. On the other hand, there is a strong presumption in the law regarding the public purpose doctrine that the acts of the legislative body, in this case the county board, are constitutional, Hopper, 79 Wis.2d at 128, and the judicial trend, as noted above, is to extend the scope of activities considered to be valid public purposes, La Plante,58 Wis.2d at 55-56.
I hope these comments prove useful.
JED:JHS
 *Page 1