The Lakefront Neighborhood Coalition, David MacGregor, Helen MacGregor, Mimi Mullenax, Barbara Stein, Annette Stoddard-Freeman, Edwin Wiley, and Barbara Wiley, Plaintiffs-Appellants,
v.
City of Milwaukee and Kilbourn Towers, LLC, Defendants-Respondents.
No. 03-1818.
Court of Appeals of Wisconsin.
Opinion Filed August 26, 2004.
Before Deininger, P.J., Lundsten and Higginbotham, JJ.
¶1 PER CURIAM.
The Lakefront Neighborhood Coalition and various individuals (collectively, "LNC") appeal an order dismissing their complaint against the City of Milwaukee and Kilbourn Towers, LLC (KT). The litigation concerned the City's decision to sell a vacant city lot, and part of the street in front of it, to KT. LNC contended in the trial court, and now on appeal, that the City failed to abide by various laws regarding vacating streets, declaring land surplus, and selling it. We affirm.
¶2 The property at issue consists of 10,800 square feet, including a vacant lot at the corner of Kilbourn Avenue and Prospect Avenue in central Milwaukee, and a right-turn lane on Kilbourn lying adjacent to the lot. The City purchased this land in 1939, and used part of it in 1941 to create the turn lane. Since then, the City has maintained the remainder as City open space.
¶3 In 2000 the City decided to sell the lot for private development. In order to create a large enough area to construct a multistory building, the City proposed to vacate the turn lane on Kilbourn, and restore the lot to its former size. Subsequently, the City selected a $700,000 bid from KT's predecessor in interest, whose plan called for a thirty-story condominium building with underground parking. In doing so, the City rejected four other bidders, all of whom presented higher bids. The City Common Council then enacted an ordinance on November 11, 2002, providing in relevant part:
17. CONVEYANCE OF PROPERTY TO DESIGNATED ENTITIES.... [W]henever the common council determines that city-owned real estate, acquired by any means, is surplus to the needs of any city department, board or commission, the common council may, by duly adopted resolution, direct the appropriate city officers to convey such property, by lease, deed or other appropriate form of conveyance, to a designated entity for adequate fair market consideration which may be monetary or non-monetary in form.
A few days later the council passed a resolution declaring the lot and the adjacent lane on Kilbourn Avenue to be surplus, and affirming the sale to KT. The resolution included a "final term sheet" that included the following provisions:
Project Description: Kilbourn Tower, LLC has proposed to construct an architectural landmark at 923 East Kilbourn Avenue (the southwest corner of Kilbourn and Prospect Avenues).... It is expected that the project will add $52,235,000 to the City tax base.... Kilbourn Tower, LLC will invest $250,000 in a landscaping upgrade of the East Kilbourn Avenue boulevard from North Prospect Avenue to North Van Buren Street.
....
Consideration: Land proceeds of $700,000 and public improvements contribution of $250,000 will be provided to City .... The land sale will substantially increase the tax base. The City will also receive considerable new tax revenue. Due to the nature of the households purchasing the condominiums, minimal additional public costs associated with the development, such as costs associated with public school age children, are anticipated.
¶4 LNC commenced this lawsuit seeking to bar the sale, and to preserve the lot as open space. The appeal results from the trial court's holding, on summary judgment, that the city's disposition of the property was a proper exercise of the City's powers. The issues are whether: (1) the trial court applied the correct standard of review to the property transfer; (2) the City properly exercised discretion in the matter; (3) the City complied with WIS. CONST. art. XI, § 3a and WIS. STAT. § 62.23(17) (2001-02)[1]; (4) the sale violated the Public Purpose Doctrine; (5) the City receive adequate consideration; (6) the City could vacate the street and sell the property without traffic safety studies and an appraisal. Summary judgment is the appropriate means of deciding the case because there are no material fact disputes. WIS. STAT. § 802.08(2). We review summary judgment proceedings de novo. Voss v. City of Middleton, 162 Wis. 2d 737, 748, 470 N.W.2d 625 (1991).
¶5 LNC first argues that proper judicial review requires combining into one transaction the three steps the City took; vacating the street, declaring the land surplus, and selling it. LNC contends the court must then review that one transaction under the erroneous exercise of discretion standard. However, LNC cites no authority for that proposition. It is true that the sale of municipal property includes review of the municipality's exercise of discretion. Rath v. Two Rivers Cmty. Hosp., Inc., 160 Wis. 2d 853, 859, 467 N.W.2d 150 (Ct. App. 1991). However, the decisions to vacate a street or declare land surplus are not subject to review under the discretion standard. On review of those legislative actions, the inquiry is limited to whether fraud occurred, or the act exceeded the authority of the legislative body which enacted them. See Tilly v. Mitchell & Lewis, Co., 121 Wis. 1, 10-12, 98 N.W. 969 (1904). There will be no inquiry into the motives, wisdom or reasons of legislators performing legislative acts. See id. LNC neither alleged nor proved fraud, nor alleged that the Common Council lacked power to enact the ordinance and resolutions in question. Consequently, we need not consider LNC's arguments that the City misused its discretion by vacating the turn lane and declaring the lot surplus.
¶6 LNC next argues that the sale violated WIS. CONST. art. XI, § 3a and its codification in WIS. STAT. § 62.23(17). This constitutional provision requires, in relevant part, that:
[C]ities ... may acquire ... lands for establishing, laying out, widening, enlarging, extending, and maintaining ... streets ... and after ... completion of such improvements, may convey any such real estate thus acquired and not necessary for such improvements, with reservations concerning the future use and occupation of such real estate, so as to protect such public works and improvements, and their environs, and to preserve the view, appearance, light air, and usefulness of such public works....
LNC contends that Kilbourn Avenue was initially widened, in part, to create a scenic vista for those traveling west on the Avenue. Consequently, narrowing the street by vacating the turn lane and constructing the high rise building on the resulting land, destroys what this constitutional provision is intended to protect. However, LNC identifies no facts of record showing that widening of Kilbourn Avenue in 1941 had this alleged purpose. Nor are there facts of record showing that vacating the turn lane and selling the property has any other adverse effect on Kilbourn Avenue or the surrounding area, such that this constitutional provision comes into play.
¶7 LNC also argues a violation of our constitution's implicit Public Purpose Doctrine, which requires that public funds be expended for public purposes. See State ex rel. Bowman v. Barczak, 34 Wis. 2d 57, 62, 148 N.W.2d 683 (1967). In LNC's view, because the sole purpose of the sale is to increase property revenues, it violates the doctrine. However, LNC cites no authority to support that position. "If any public purpose can be conceived which might rationally justify the expenditure, the constitutional test is satisfied." Bishop v. City of Burlington, 2001 WI App 154, ¶11, 246 Wis. 2d 879, 631 N.W.2d 656. Under this standard, "the goal of increasing the tax base, as well as creation of new jobs, has been recognized by this court, and other Wisconsin courts to be a legitimate and valid public purpose justifying the expenditure of public funds." Town of Beloit v. County of Rock, 2003 WI 8, ¶36, 259 Wis. 2d 37, 657 N.W.2d 344.
¶8 LNC next challenges the sale on the grounds that the City did not receive adequate fair market consideration, in violation of its own ordinance. In LNC's view, KT's bid of $700,000, plus $250,000 for landscaping, is not "adequate fair market consideration" under any reasonable definition of the term, because it fell well below the other bids for the property. There is no requirement to sell to the highest bidder. Hermann v. City of Lake Mills, 275 Wis. 537, 540, 82 N.W.2d 167 (1957). Determining the fair market value of the sale property requires viewing the transaction as a whole, including the intangible benefits provided to the municipality. Bishop, 246 Wis. 2d 879, ¶28. Here, those intangible benefits included the increased tax base, and a substantial contribution landscaping commitment. Additionally, before the sale, the City expressly considered the value of open land in that part of Milwaukee. LNC presented no evidence that $700,000 fell below the going rate for vacant land in that area, and relied solely on the amounts of the losing bids. Those bids are not adequate proof that the land sold outside the range of fair market value, considering both the tangible and intangible consideration for the sale.
¶9 LNC's other contentions are that the City failed to make adequate safety studies before vacating the street, and did not obtain appraisals or otherwise "exercise thorough due diligence" before selling the land. It cites no authority that imposes traffic studies, or a due diligence requirement, before a municipality can vacate a street or sell property. In any event, the City did obtain expert advice on safety issues and, as noted, LNC failed to offer proof that the property sold for inadequate consideration, regardless of how thoroughly the City determined its value before selling it.[2]
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] In a final argument, LNC contends that the trial court placed an erroneous burden of proof on LNC on summary judgment. As noted in the opinion, our review is de novo. Voss v. City of Middleton, 162 Wis. 2d 737, 748, 470 N.W.2d 625 (1991). Consequently, we need not address this issue.